## CURTSINGER *v.* BURKEEN.

### Opinion delivered November 6, 1916.

TAX SALES—CONFIRMATION—INADEQUATE PRICE—AMBIGUOUS DISCRIPTION.—Where lands are advertised and sold for the non-payment of an improvement assessment, under an ambiguous description, and are sold for a grossly inadequate consideration, the court has a discretion to refuse to confirm the sale.

Appeal from Greene Chancery Court; *C. D. Frierson*, Chancellor; affirmed.

*R. P. Taylor*, for appellant.

It was the duty of the court, in the absence of fraud, irregularity or mistake affecting the validity of the sale, to confirm the same and to approve the deed made to the appellant. 111 Ark. 165; 108 Ark. 366; 77 Ark. 216; 66 Ark. 490; 86 Ark. 255.

*Wm. F. Kirsch* and *Partlow & Shane*, for appellee.

It is the settled law of this State that a tax sale of lands *en masse* is void.   83 Ark. 174;  87 Ark. 428;  88 Ark. 395;  94 Ark. 221;  61 Ark. 414.

In judicial sales the sale of several parcels of land *en masse* constitutes an irregularity such as makes the sale voidable and justifies the court in setting the sale aside on proper application made in apt time.   27 Am. & Eng. Ann. Cases 616 and note.

*R. P. Taylor,* for appellant in reply.

Appellee's contention as to the sale *en masse* is fully met by this court's decision in *Nix v. Draughon,* 56 Ark. 240, where it is sa'd: Where defendant made no objection to decree condemning his land to be sold as one tract, he cannot, after sale, for the first time, object that it was not sold in sub-divisions.   See also 24 Cyc.36.

SMITH, J.   This cause grows out of a hearing of exceptions to the confirmation of the commissioner's report of sale in the matter of a foreclosure proceeding brought by the collector of Greene county, Arkansas, on behalf of Eight-Mile Drainage District No. 2 against certain lands, including the lands in suit, for the non-payment of certain assessments due the drainage district.   In the course of the foreclosure proceedings the lands involved in this suit were sold to appellant's assignor.   Sometime after the one year period of redemption appellee filed exceptions to the confirmation of the report of sale, in which she deraigned title in herself by mesne conveyances from a forfeiture to the State of Arkansas for non-payment of taxes.

The exceptions were heard upon an agreed statement in which the following facts were recited: That on December 16, 1907, in the course of the organization of Drainage District No. 2 and the levying of assessments upon lands embraced in said district an assessment was duly made by the county court upon the following described lands: "North half of Lots 27, 28 and 29 of Crawford's Addition to Paragould." That the assess-

ments for the years 1911, 1912 and 1913 being delinquent a decree of foreclosure was obtained, under which the lands were condemned to be sold under the above description, and they were thereafter sold under that description by the commissioner appointed to make the sale. That the land was described in the sale under which it forfeited to the State as "North half of Lots 27, 28 and 29 of Crawford's Addition to Paragould," and was so described in the deed under which appellee acquired her title. That said land was advertised and sold *en masse* for the drainage taxes pursuant to said decree for the amount for which a lien had been decreed against said lots.

It is not denied that the lots are valuable and the price for which they were sold is grossly inadequate as compared with their actual value as the taxes were only a nominal sum, being a portion only of the betterment, or enhanced value of the lots resulting from the proposed improvement.

It is also shown "that said lots run east and west with a frontage of 50 feet at the east end of each, said Lot 28 being immediately south of said Lot 27 and said Lot 29 being immediately south of said Lot 28."

Five exceptions to the report of sale are discussed in the brief; but we shall not consider them all.

It is urged that the sale was void because the lots were sold *en masse*, but a majority of the court do not think this exception is well taken.

It is insisted by appellee that the description to be valid must be definite and certain so that the lands may be located, and the correctness of this contention is conceded; but appellant says the description employed meets this requirement, and the majority of the court agree with him, although the writer and the Chief Justice are of the contrary opinion. Appellant contends that the description set out above describes the north half of the parcel of land which has been divided into three lots and numbered for convenience as Lots 27, 28 and 29; while appellee contends that the description means the north half of each lot, leaving an alternating

south half of a lot between them; and this was evidently the view of the court below in passing upon the exceptions.

In the recent case of *Wells* v. *Lenox*, 108 Ark. 366, there is a review of the cases which deal with the subject of confirmation of judicial sales made in substantial conformity to the decree of sale, and it was there said, as it had been several times previously said, that when property is sold at a judicial sale, in the absence of fraud and unfairness, mere inadequacy of price, however gross, does not invalidate the sale. But the doctrine of that case is that, while courts may generally be expected to confirm sales which have been conducted according to the direction and upon the terms prescribed by the court in ordering the sale, unless intervening circumstances should make it unwise or unjust to do so, yet the courts are not compelled to confirm them because they have been so made, and the purchaser does not, under all circumstances, have the absolute right to rely upon his expectation of securing his deed. So we think that there was not here any absolute duty resting upon the court to confirm the sale of these lots merely because the sale conformed to the directions of the court ordering it. The matter was called to the attention of the court that a description had been employed which was, at least, ambiguous, if it was not entirely void, a question about which there might be, as there is, indeed, here, a difference of opinion as to its sufficiency. And in this connection it was pointed out to the court below that valuable property had been sold for the nominal amount of the drainage tax due thereon, and that upon the confirmation of this sale the owner's title is gone, and if the lots bring nothing in excess of the tax due thereon, then the owner has lost his land and will get nothing for it. While the Legislature has seen fit to adopt a drastic and somewhat summary method of enforcing the payment of these assessments, it is certainly the policy of the law that the lands thus sold should bring the largest sum obtainable, especially as the law requires the lands to be sold to the highest bidder, and the owner of lands who thus loses them gets

only the excess over the taxes, penalty, interest and costs. Who can know that these lots might not have been sold at a price bearing some fair proportion to their value if they had been more accurately described and there. had been no doubt of the sufficiency of the description to pass the title in the event of confirmation?

In view of the circumstances of this case we think the court had the discretion to refuse a confirmation of this sale, and its action in so doing is affirmed.