BOARD OF COMMISSIONERS, PAVING IMPROVEMENT DISTRICT No. 13, *v.* FREEMAN.

4-6226 148 S. W. 2d 1076

Opinion delivered March 3, 1941.

*Claude M. Williams* and *Vol T. Lindsey,* for appellant.

*Duty & Duty* and *E. M. Arnold,* for appellee.

HUMPHREYS, J. This suit was brought in the chancery court of Benton county by appellant against appellee to foreclose a lien for delinquent taxes for the years 1931, 1933, 1934 and 1935, and a penalty for failure to pay same as they became due in the total sum of $616, assessed as benefits and penalty against lots 2, 3, 6, and north half of lot 7 in block 23 in B. F. Sikes Addition to Rogers, Arkansas, which were owned by appellee and included in Paving Improvement District No. 13, Rogers, Arkansas, at the time said district was organized.

The benefits assessed against said lots on account of the improvements to be made were $140 a year and the statutory penalty for failure to pay same was 10 per cent.

The material facts alleged in the complaint are that Paving Improvement District No. 13 of the city of Rogers, Arkansas, was duly and legally organized pursuant to the laws of Arkansas; that A. B. Stroud, J. M. Henderson, and Warner St. John are the duly appointed, qualified and acting members of the Board of Commissioners of said district; that there were assessments made against the property in said district for the purpose of constructing the improvements, and that a tax was duly levied on said lands, and the property embraced in the district, which constituted a lien therefor; that the annual installments for the years 1931, 1933, 1934 and 1935 on the lots described above belonging to Mrs. Irene Freeman was the sum of $140 for each year is delinquent and has not been paid, and that said taxes have been

returned as delinquent; that Mrs. Irene Freeman, the appellee, is the owner of the lots in question, and that she has not paid the annual installments thereon, and that the amount of the assessed installments, together with the penalty for the aforesaid four years amounts to $616.

A demurrer was filed to the complaint which is as follows: "Comes now Irene Freeman and demurs to the complaint of the plaintiff filed herein and for grounds states:

"That the complaint does not state facts sufficient to constitute a cause of action against this defendant;

"That the property alleged to have been owned by this defendant is not legally or correctly described in said complaint;

"And that said complaint shows upon its face that benefits against said property were not assessed in accordance with the laws of the state of Arkansas."

The cause was heard by the Benton chancery court on April 19, 1940, and judgment was rendered sustaining the demurrer, and the plaintiff refused to plead further, whereupon the complaint was dismissed by the court, to which dismissal appellant excepted and prayed an appeal to this court, which was granted.

The demurrer admits all the material allegations in the complaint and raises the sole question of whether an assessment of benefits in a paving district against several city lots *en masse* is void. The complaint on its face shows that all the lots belong to appellee, and that the benefits assessed against them was $140 a year, which she failed to pay for the years 1931, 1933, 1934, and 1935.

Appellant contends that it is not necessary to assess each lot separately in an improvement district unless the ownership is separate and that while the statute under which they were assessed *en masse* requires each lot to be assessed, it does not require a separate assessment of each lot where all the lots assessed *en masse* belong to the same owner. On the other hand appellee

contends that under § 7293 of Pope's Digest an assessment of benefits is void unless assessed against each lot regardless of who may own same. In other words that if an individual owns several lots they can not be treated as one lot, and the benefits assessed against them as one lot.

Section 7293 of Pope's Digest is as follows: "Each of said assessors shall, before entering upon the discharge of his duties, take oath that he will well and truly assess, to the best of his knowledge and ability, the value of all the benefits to be received by each landowner by reason of the proposed improvements as affecting each of said lots, blocks, or parcels of land or railroad tracks and right-of-way within said district, and that they shall at once proceed to inscribe in a book to be used for that purpose the description of each of said lots, blocks, or parcels of land and railroad tracks and right-of-way and shall assess the value of the benefit to accrue to each of said lots, blocks or parcels of land and railroad tracks and right-of-way by reason of such improvement, which assessment of said benefits they shall enter upon said book opposite the description thereof; and they shall then subscribe said assessment and deposit it in the office of the recorder or city clerk of such town or city, where it shall be kept and preserved as a public record. Provided, said assessment may be annually readjusted according to additional improvements placed upon the lands, railroad tracks and right-of-way when a succession of collections is necessary to pay for the improvements."

We think a fair construction of the act is that where one person owns several lots, blocks or parcels of land in an improvement district the benefits to them may be assessed together. It certainly was not the intention of the Legislature where a person owned a large number of lots in an improvement district that benefits to each of his lots, blocks or parcels of land, in order to be valid, must be assessed to each lot, block or parcel of land owned by him. This construction would certainly entail a lot of unnecessary labor on the part of the assessors where one assessment would answer the purpose. A

majority of this court in construing a statute similar to this relating to drainage districts, in the case of *Curtsinger* v. *Berkeen,* 126 Ark. 94, 189 S. W. 673, ruled that an assessment of benefits *en masse* was not void.

Appellee admits that this proceeding is a collateral attack to set aside the assessments of benefits against her property on the ground that the assessors made a demonstrable mistake in assessing said benefits, and that she is not barred from attacking the assessment under the provisions of § 13 of act 64 of the Acts of the General Assembly of 1929. She is barred from attacking the assessment under the ruling of this court in the case of *Osborn, et al.* v. *Board of Improvement of Paving Imp. Dist. No. 5 of the City of Fort Smith,* 94 Ark. 563, 128 S. W. 357. This court said in that case that: "The questions of the benefit to particular property to be derived from a particular improvement, and the correctness of the assessments levied thereon, are concluded, except for fraud or demonstrable mistake, by the action of the city council in establishing the district and of the assessor in assessing each piece of property, unless set aside in a proceeding instituted within thirty days after publication of the ordinance levying the assessments."

Since no mistake was made in the assessment of benefits against appellee's property, it is unnecessary to discuss what is and what is not a demonstrable mistake. We are holding that no demonstrable mistake was made in assessing benefits against her property.

On account of the error indicated the decree is reversed, and the cause is remanded with permission to appellant to foreclose the lien in the amount claimed for delinquent taxes and penalty for not paying the taxes as they matured.