HENDERSON *v.* FREEMAN.

4-7056                                                171 S. W. 2d 66

Opinion delivered May 17, 1943.

*Claude Williams* and *Vol T. Lindsey,* for appellant.

*Duty & Duty* and *E. M. Arnold,* for appellee.

McHANEY, J.   This is the second appeal of this case. On the former appeal, *Board of Commissioners, Paving Improvement District No. 13,* v. *Freeman,* 201 Ark. 1061, 148 S. W. 2d 1076, which was an appeal from a decree sustaining a demurrer to the complaint of the district seeking to enforce payment of delinquent taxes on the same property here involved, it was held that the lower court erred in so holding and the decree was reversed. The trial court's error was in holding that an assessment of real property in the district *en masse,* where one person owns several lots, blocks or parcels of land in the district, is void.   The decree was reversed and the cause was "remanded with permission to appellant to foreclose the lien in the amount claimed for delinquent taxes and penalty for not paying the taxes as they matured." That opinion was rendered March 31, 1941.

The mandate of this court was returned and filed in the Benton chancery court, and, on June 26, 1941, a decree was entered, directing the mandate to be spread of record, and ordering the sale of appellee's property, pursuant to said mandate and opinion of this court, if the judgment be not paid within 10 days. On October 16, 1941, the judgment not having been paid and the land not having been sold pursuant to the decree of June 26, a further decree was entered directing the clerk to sell appellee's property if the judgment be not paid on that date, and thereupon payment was made, and the decree so recites. The docket entries of the court on October 16, 1941, show that appellee paid the 1931 delinquent taxes under protest, she contending that the alleged delinquent taxes for that year had been paid in the year 1931. It was conceded that the 1932 taxes had been paid and the suit by appellant was to collect the alleged delinquencies for 1931, 1933, 1934 and 1935, of $140 for each year plus a ten per cent. penalty, or a total of $616. On November 10, 1941, appellee filed her complaint seeking to set aside the decree of June 26, 1941, in so far as the 1931 taxes are concerned, and alleged that it was entered without notice to her or her attorneys and that it was entered on the last day of the April term of court, and was not known to her or her attorneys until October 16, 1941, the July term having intervened and expired, and during which time she and the District had been trying to effect a compromise and settlement of all her taxes, including those for 1940, which is the reason no answer was filed in apt time. She alleged as good defense to the suit for 1931 taxes that same were paid during that year and were not, therefore, delinquent, and that no copy of said decree was delivered to her attorneys for approval and same was not approved by them or the court, in accordance with the rule of the court.

Appellants demurred to this complaint, which was overruled, and they then answered with a general denial and a plea of *res adjudicata* by the Benton chancery court by reason of said decree of June 26, 1941. Trial resulted in a decree on July 6, 1942, granting appellee all

the relief prayed in her complaint, including a finding that the decree of June 26, 1941, had been entered by the clerk of the court without having been submitted to or approved by the attorneys for appellee and without having been signed or approved by the court; that the taxes due the district for 1931 were paid during that year, and the payment again on October 16, 1941, amounted to a double payment for that year, and that same should be credited by appellant to the taxes due for 1936, 1937 or 1938, another suit for which was then pending in said court. This appeal is from that decree.

Only the sum of $154 is here involved, being the taxes for the year 1931. Evidence on behalf of appellee was positive that the taxes for that year had been paid during said year. Mr. John W. Felker, appellee's brother, so testified and that he paid same in cash, saw the book marked paid, but the collector either did not give him a receipt therefor or he has lost it. He testified that although the title to said property is in appellee, it is in fact his property, his home. The record kept by the collector does not reflect this payment, although an examination thereof by us shows that some penciled figures have been made thereon, which seem to have been partially erased, that may have once indicated payment. The record is very poorly kept and does not reflect a good system of record entries for this district. There is evidence to dispute this payment. The trial court found that it was paid and we are unable to say this finding is against the preponderance of the evidence.

Appellants argue that the decree of the court of June 26, 1941, is binding on appellee and could not be corrected or modified by the court after the lapse of the term, except in conformity with subdivision 7 of § 8246 of Pope's Digest which provides that the court in which a judgment or final order has been rendered shall have power, after the expiration of the term, to vacate or modify such order—"Seventh: For unavoidable casualty or misfortune preventing the party from appearing or defending." Whether this statute is applicable to the

facts in this case or whether a case of unavoidable casualty under said statute was alleged and proven, we do not now decide. The trial court found that said decree was not entered with the knowledge and approval of either the attorneys for appellee or the court, but that "pursuant to an agreement between the attorneys for the respective parties to said suit, with the approval and knowledge of this court, no decree was immediately rendered and no further steps were to be taken in said cause; that the rendition of any decree or further proceedings in said cause in this court was postponed from time to time as per the aforesaid agreement; and the court further finds that the decree entered in said cause on June 26, 1941, was entered by the Clerk of this court without the same having been submitted to or approved by the attorneys for Irene Freeman and that the same was entered without having been signed or approved by this court and that the same was not in truth and fact a decree of this court; that this court heard no evidence whatever on the question of whether the tax for the year 1931 was paid and heard no other evidence before the said decree was entered by the clerk of this court on June 26, 1941; that Irene Freeman would have filed an answer in said cause pleading payment of the tax for the year 1931 except for the agreement and understanding hereinabove found to exist between the attorneys for the respective parties; that said decree as entered by the clerk of this court on June 26, 1941, should be set aside and modified as to taxes for the year 1931 for the reason that it was not the intention of this court to hold that said taxes had not been paid and as the court heard no proof on said question."

We think the statute cited has no application here. The question is the power of the court to cancel a writing appearing on the record as a decree when it was not the decree of the court at all,—a writing not approved by the court or opposing counsel,—and we think the court has the inherent right to make its record speak the truth at any time, either in or out of term time. As said in *Stanton* v. *Arkansas Democrat Co.*, 194 Ark. 135, 106 S.

W. 2d 584, where the clerk, as here, had entered a judgment not rendered by the court: "The clerk is not the keeper of the conscience of the court, nor is it his province to say what action the court should take in a particular case. It is his function to make a record of what the court orders and adjudges." There, as here, the court found that it had rendered no judgment, "and that the entry of the anticipated judgment was an inadvertence of the clerk."

No error appearing, the decree is affirmed.

ROBINS, J., disqualified and not participating.