The Honorable Dwight Fite State Representatives 1003 Highway 35 Benton, Arkansas 72015-5814
Dear Representative Fite:
I am writing in response to your request for an opinion on several questions concerning the filing of liens with the county recorder (or circuit clerk).[1] You note that "[b]y state law, a person must be notified at least 10 days prior before a lien is placed on him." You ask that I "please articulate the duties and authority of a county recorder with regards to this transaction." Your specific questions are as follows:
 1. Must the county recorder ask for proof that the individual has been given notice of the lien before the recorder can accept the filing? If so, what kind of proof is required?
 2. May the county recorder ask for proof that the individual has been given notice of the lien before the recorder can accept the filing? If so, may the county recorder refuse to file the lien if satisfactory proof is not given?
 3. May the county recorder refuse to record the lien if it is apparent that the 10-day notice was not given to the affected party?
RESPONSE
It is my understanding that your questions have reference to materialmen's liens arising from improvements to real estate, boats or vessels and which are created under A.C.A. § 18-44-101 to -135 (1987 and (Supp. 2001)). I will confine my opinion to that statutory procedure. That being said, in my opinion the answers to each of your questions above is "no."
Question 1 — Must the county recorder ask for proof that the individualhas been given notice of the lien before the recorder can accept thefiling? If so, what kind of proof is required?
In my opinion the answer to this question is "no." The relevant statutory subchapter is A.C.A. §§ 18-44-101 to -135 (1987) and (Supp. 2001). The first section of that subchapter provides as follows:
 (a) Every contractor, subcontractor, or material supplier as defined in § 18-44-107, who supplies labor, services, material, fixtures, engines, boilers, or machinery in the construction or repair of an improvement to real estate, or any boat or vessel of any kind, by virtue of a contract with the owner, proprietor, contractor, or subcontractor, or agent thereof, upon complying with the provisions of this subchapter, shall have, to secure payment, a lien upon the improvement and on up to one (1) acre of land upon which the improvement is situated, or to the extent of any number of acres of land upon which work has been done or improvements erected or repaired.
The procedure for acquiring and "perfecting" the lien has multiple steps. Certain notice must be given and the lien must be filed with the circuit clerk. There are two notice provisions in the subchapter. The "ten-day" notice to which you refer is found in A.C.A. § 18-44-114. It was a part of the original act that gave rise to the relevant subchapter. See Acts 1895, No. 146. A newer, separate notice provision adopted in 1979 also appears in the subchapter, but it does not appear to be the focus of your question. See A.C.A. § 18-44-115 (adopted originally by virtue of Acts 1979, No. 746). The former provision, A.C.A. §18-44-114 provides that:
 (a)(1)(A) Every person, except the original contractor, who may wish to avail himself of the benefit of the provisions of this subchapter shall give ten (10) days' notice before the filing of the lien, as required in § 18-44-117(a), to the owner, owners, or agent, or either of them, that he holds a claim against the building or improvement, setting forth the amount and from whom it is due.
 (B) However, if the transaction is a direct sale to the property owner, this notice requirement shall not apply and the lien rights arising under this subchapter shall not be conditioned on delivery and execution of the notice.
 (2) For purposes of this subsection, a sale shall be considered a direct sale when the owner or owners order the materials from the lien claimant.
 (b)(1) The notice may be served by any officer authorized by law to serve process in civil actions, by any person who would be a competent witness, or by any form of mail addressed to the person to be served, with a return receipt requested and delivery restricted to the addressee or the agent of the addressee.
 (2)(A)(i) When served by an officer, his official return endorsed thereon shall be proof thereof.
 (ii) When served by any other person, the fact of the service shall be verified by affidavit of the person so serving.
 (B)(i) When served by mail, the service shall be verified by a return receipt signed by the addressee or the agent of the addressee, or a returned envelope, postal document, or affidavit by a postal employee reciting or showing refusal of the notice by the addressee.
 (ii) If delivery of the mailed notice is refused by the addressee, then the person holding the claim shall immediately mail to the owner, owners, or agent a copy of the notice by first class mail and may proceed to file his lien.
The actual filing of the lien is governed by A.C.A. § 18-44-117, which provides in pertinent part as follows:
 (a) It shall be the duty of every person who wishes to avail himself of the provisions of this subchapter to file, with the clerk of the circuit court of the county in which the building, erection, or other improvement to be charged with the lien is situated and within one hundred twenty (120) days after the things specified in this subchapter shall have been furnished or the work or labor done or performed, a just and true account of the demand due or owing to him after allowing all credits. This account shall contain a correct description of the property to be charged with the lien, verified by affidavit.
 (b) It shall be the duty of the clerk of the circuit court to endorse upon every account the date of its filing and to make an abstract thereof in a book kept by him for that purpose, properly indexed. This abstract shall contain the date of the filing, the name of the person laying or imposing the lien, the amount of the lien, the name of the person against whose property the lien is filed, and a description of the property to be charged with it. For this service, he shall receive the sum of three dollars ($3.00) from the person laying or imposing the lien, which shall be taxed and collected as other costs in case there is suit thereon.
Emphasis added.
The statute above does not mention or require filing proof of the 10-day notice sent the owner.[2] The statute requires the filing of a "just and true account" along with a correct description of the property. Subsection (b) of the statute makes it the duty of the circuit clerk to file the account and to make an abstract of the listed items. I cannot conclude, in response to your first question, that the circuit clerk "must" ask for proof that the ten-day notice has been sent. An answer to the second part of your first question is therefore unnecessary.
Question 2 — May the county recorder ask for proof that the individualhas been given notice of the lien before the recorder can accept thefiling? If so, may the county recorder refuse to file the lien ifsatisfactory proof is not given?
In my opinion the answer to this question is also "no." In my opinion the filing of the lien is a ministerial act of the clerk. A ministerial act is defined as "[o]ne which a person or board performs in a given state of facts in a prescribed manner in obedience to the mandate of legal authority without regard to or the exercise of his or their own judgment upon the propriety of the act being done." Black's Law Dictionary (5th
Ed. 1989) at 899. The statutory scheme requires the clerk to endorse the date of filing on the account and to make an abstract of the items required by the statute. See A.C.A. § 18-44-177(b). See also A.C.A. §14-15-402. It does not require the clerk to make judicial determinations about the validity of the lien and whether all acts requisite thereto have been performed. If proper notice has not been given, the owner of the property will have a defense in a judicial action brought to enforce the lien. A judicial officer will then determine the validity of the lien. It is not the proper province of the circuit clerk, in my opinion, to make this judicial determination.[3] See generally, Henderson v.Freeman, 205 Ark. 856, 171 S.W.2d 66 (1943) and Stanton v. ArkansasDemocrat Co., 194 Ark. 135, 106 S.W.2d 584 (1937). It is therefore my opinion that the answer to both parts of your second question is "no."
Question 3 — May the county recorder refuse to record the lien if it isapparent that the 10-day notice was not given to the affected party?
I am uncertain in what way it would be "apparent" that the notice has not been given. As stated above, proof of service of the notice is not required to be filed with the circuit clerk when the lien is filed under A.C.A. 18-44-117. Again, it is my opinion that the answer to this question is "no." If proper notice has not been given under A.C.A. §18-44-114, this issue may be raised in the court action brought to enforce the lien. It is not an issue for determination by the circuit clerk.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] The circuit clerk is the recorder. See A.C.A. 14-14-603(7), andDurden v. Sebastian County, 73 Ark. 305, 83 S.W. 1048 (1904) (stating that the office of circuit clerk and recorder is "but one").
[2] A separate statute provides for the filing of the 10-day notice with the circuit clerk where the owner of the property is "not a resident of this state, or does not have an agent in the county in which the property is situated, or when the owner is a resident of this state but not of the county in which the property is situated, or conceals himself, or has absconded, or absents himself from the usual place of abode, so that the notice required by A.C.A. § 18-44-114 cannot be served upon him. . . ." This statute states that the notice "may be filed with the recorder of deeds of the county in which the property is situated. When filed it shall have like effect as if served upon the owner or his agent in the manner contemplated in § 18-44-114." This statute has not been amended since its adoption in 1895. It predates the addition of provisions in § 18-44-114 for service by mail.
[3] It is my understanding that at least some circuit clerks require persons filing such a lien to sign a "disclaimer" absolving the clerk of any responsibility in connection with failure to send the require notice. Although in my opinion this procedure is unnecessary, as it does not appear the clerk otherwise has any legal responsibility for ensuring that the notice has been sent, I cannot state that this "disclaimer" requirement is prohibited by law.