The Honorable Preston Scroggin State Representative 59 Marshall Road South Vilonia, Arkansas 72173-9335
Dear Representative Scroggin:
I am writing in response to your request for my opinion on the following seven questions:
 1. Under Arkansas law, is the attached document entitled "Memorandum of Oil and Gas Leases," which does not purport to convey an interest in land or property, a legal "instrument" affecting lands and property capable of being recorded in the records of the county?
 2. Under current law, if the Circuit Clerk discharges his or her affirmative duties and ascertains that the subject document presented for recordation in the office of the recorder of the county (1) is properly acknowledged as provided by law and (2) complies with the size and margin requirements imposed by law, does the Circuit Clerk have an absolute and affirmative duty to record same?
 3. Because the subject document contained entire quarter sections as legal descriptions, was not signed by any grantors whatsoever, and contained the statement that the legal descriptions may not be accurate, the Circuit Clerk ascertained that the legal descriptions were indeed inaccurate, if recorded would such a document constitute a document "clouding or adversely affecting any bona fide interests in real property" as prohibited by A.C.A. 5-37-226?
 4. Since the subject document has no signatures whatsoever of grantors and if it is determined that those persons listed as grantors have not executed an oil or gas leases [sic], would not the subject document constitute a document "clouding or adversely affecting any bona fide interests in real property" as prohibited by A.C.A. 5-37-226?
 5. If a person, such as the presenter or the Circuit Clerk, that knows that the subject document has no signatures whatsoever of grantors, knows that the legal descriptions are not accurate, and knows that those persons listed as grantors have not executed an oil or gas leases [sic], would those persons placing the document for recordation in the county records be subject to criminal liability under A.C.A. 5-37-226? Same question in regard to civil liability?
 6. Under current Arkansas law, if the answer to question number 2 above is in the affirmative and the Circuit Clerk is under an affirmative and absolute duty to record a document such as the subject document (which complies with requirements imposed by law relating to acknowledgments and margin requirements), will a Circuit Clerk be in violation of A.C.A. § 5-37-226 as currently expressed if the answers to questions 3, 4 or 5 are in the affirmative?
 7. If the circuit clerk has a duty to record the attached document, what would be the total cost of recordation?
RESPONSE
With respect to your first question, I believe the "Memorandum of Oil and Gas Leases" (the "Memorandum") is a legal instrument subject to recordation, although a property owner asserting that the instrument clouds his title might persuade a court, based upon all the pertinent facts, to order the document withdrawn from the records. Whether presenting it for recordation might subject the presenter to criminal or civil liability pursuant to A.C.A. § 5-37-226 is a matter for a court to decide. In my opinion, the answer to your second question is "yes." A clerk/recorder performs a purely ministerial function and is obliged to record any instrument relating to land that meets formal requirements. With respect to your third, fourth and fifth questions, only a finder of fact acquainted with all the circumstances could determine whether an individual who has presented an instrument for recordation is guilty of the knowing, intentional clouding of title proscribed by A.C.A. § 5-37-226. With respect to your sixth question, given that a clerk/recorder's duties are purely ministerial, I do not believe he or she could be held liable for recording a formally sufficient document that triggers the application of A.C.A. §5-37-226 against the presenter. With respect to your seventh question: $52.00. See A.C.A. § 21-6-306.
Question 1: Under Arkansas law, is the attached documententitled "Memorandum of Oil and Gas Leases," which does notpurport to convey an interest in land or property, a legal"instrument" affecting lands and property capable of beingrecorded in the records of the county?
In my opinion, the answer to this question is "yes," although, depending upon the facts, the party presenting the instrument for recordation may be subject to liability under A.C.A. § 5-37-226
(Repl. 2006).
As you have pointed out, the document attached to your request is captioned "Memorandum of Oil and Gas Leases" (the "Memorandum"). It is dated December 30, 2005 and contains the following representations:
 The Lessors described on [sic] herein in consideration of the sum of Ten and No/100 Dollars ($10.00) in hand paid, and other good and valuable consideration, did make and execute in favor of Lessee an Oil and Gas Lease covering Lessor's interest in the following described lands in Jackson County, Arkansas. . . .
 * * * This Memorandum of Oil and Gas Leases is being made and filed for the purpose of giving third parties notice of the existence of the Leases described above. The execution, delivery and recordation of this Memorandum of Oil and Gas Lease(s) shall have no effect upon, and is not intended as an amendment of the terms and conditions of the Leases. It is the intent of the Lessor to lease all of Lessor's interest in and to the Section described herein, whether or not the tracts recited hereon are properly described, and further it is understood that this lease includes all rights owned by the Lessor in this section whether or not correctly described and any other properties owned by the Lessor in the drilling and spacing unit for this well, including without limitation, strips, gor[g]es, alleyways, roadways, accretions and avulsions.
The Memorandum is signed by the purported president of an Oklahoma limited partnership and acknowledged by an Oklahoma notary public.
In considering whether the Memorandum is subject to recordation in Jackson County, I must consider the scope of a county recorder's duties. Section 13-4-305 of the Code (Repl. 2003) provides in pertinent part:
 All counties of the State of Arkansas shall
maintain county recorder's records for the county as follows, if they are currently being maintained:
(1) Maintain permanently:
 (A) Deeds, mortgages, assignments, and all other conveyance records.
(Emphasis added.)
Subsection 14-15-402(a) of the Code (Supp. 2005) further provides:
 It shall be the duty of each recorder to record,
in the books provided for his office, all deeds, mortgages, conveyances, deeds of trust, bonds, covenants, defeasances, or other instruments of writing of or concerning any lands and tenements or goods and chattels, which shall be proved or acknowledged according to law, that are authorized to be recorded in his office.
(Emphasis added.)
Section 14-15-407 (Repl. 1998) elaborates on this duty as follows:
 Each recorder shall, without delay, record every
deed, mortgage, conveyance, deed of trust, bond, or other writing delivered to him for record, with the acknowledgment, proofs, and certificates written on or attached to the writing, and all other papers therein referred to and annexed thereto, in the order, and as of the time when, the writing has been delivered for record. . . .
(Emphasis added.)
Subsection 18-12-209(a) (Repl. 2003) further provides:
 Every deed or instrument in writing which
conveys or affects real estate and which is acknowledged or proved and certified as described by this act may, together with the certificate of acknowledgment, proof, or relinquishment of dower, be recorded by the recorder of the county where such land to be conveyed or affected thereby is located, and when so recorded may be read in evidence in any court in this state without further proof of execution.
(Emphasis added.)
Finally, A.C.A. § 14-15-402(b) (Supp. 2005) imposes formal requirements regarding margins and page size and further imposes a requirement that the referenced records be acknowledged.
As an initial matter, I must question your suggestion that because the Memorandum "does not purport to convey an interest in land or property," it does not qualify as "a legal `instrument' affecting lands and property capable of being recorded in the records of the county." As the Memorandum itself attests, it was "filed for the purpose of giving third parties notice of the existence of the Leases described above." Irrespective of whether the referenced leases in fact exist, the document clearly asserts legal rights that affect lands and property recorded in the county records. The fact that the Memorandum itself does not convey those rights is, in my opinion, immaterial; it asserts those rights and, as a document "affecting lands and property capable of being recorded in the records of the county," it clearly qualifies as a "legal instrument." Whether its presentation for recordation might violate A.C.A. § 5-37-226 is another issue that I will address in responding to your third and fourth questions.
At issue with respect to your current question is whether the county clerk has the authority to inquire into the truth of the matters asserted in the Memorandum as a condition of filing it of record. In my opinion, the answer to this question is "no." I believe the duty imposed upon recorders under the above referenced statutes is clearly "ministerial" under the following accepted definition: "A duty that requires neither the exercise of official discretion nor judgment." Black's Law Dictionary
(8th ed. 2004). See Nucor Corp. v. Kilman, ___ Ark. ___, ___ S.W.3d ___ (June 17, 2004) (identifying a county clerk and his or her deputy as "ministerial" officers); Rockford Trust Co. v.Purtell, 183 Ark. 918, 923, 39 S.W.2d 733 (1931) (describing the transfer by a clerk/recorder[1] of a duly acknowledged and recorded lien as a "ministerial duty"); Wyatt v. Beard,179 Ark. 305, 307, 15 S.W.2d 990 (1929) (characterizing as "ministerial" a circuit clerk's duties with respect to the redemption of property); North Arkansas Highway ImprovementDistrict #2 v. Rowland, 170 Ark. 1168, 1173, 282 S.W. 990 (1926) (characterizing as "purely ministerial" a circuit clerk's duty to extend a road tax ordered levied against district members).
As reflected in the highlighted excerpts above, pursuant to this duty, a recorder is obliged to file any instrument that "affects real estate" or "concern[s] any lands" so long as it is in the proper form and has been duly acknowledged or proved and certified. As I noted in Ark. Op. Att'y Gen. No. 2003-167 in considering a clerk/recorder's obligation to file a lien:
 In my opinion the filing of the lien is a ministerial act of the clerk. . . . The statutory scheme requires the clerk to endorse the date of filing on the account and to make an abstract of the items required by the statute. See A.C.A. § 18-44-177(b). See
also A.C.A. § 14-15-402. It does not require the clerk to make judicial determinations about the validity of the lien and whether all acts requisite thereto have been performed. If proper notice has not been given, the owner of the property will have a defense in a judicial action brought to enforce the lien. A judicial officer will then determine the validity of the lien. It is not the proper province of the circuit clerk, in my opinion, to make this judicial determination. See generally, Henderson v. Freeman, 205 Ark. 856, 171 S.W.2d 66 (1943) and Stanton v. Arkansas Democrat Co., 194 Ark. 135, 106 S.W.2d 584 (1937).
In Carroll v. Schneider, 211 Ark. 538, 543, 201 S.W.2d 221
(1947), the court quoted with approval a very strong pronouncement from the Nevada Supreme Court regarding the limitations on the authority of a purely ministerial officer. The Arkansas court declared:
 [W]e are now cited to an opinion by the Supreme Court of Nevada in the case of State v. Glass, 44 Nev. 234 [sic:" 235"], 197 [sic: "192] P. 472 [(1920)]. There a circuit court had upheld the action of a county clerk in striking from his files a certificate of nomination for a public office, for the reason that signers of the petition to have the petitioner's name placed on the ballot as a candidate had neglected to add to their signatures their places of residence as required by law. A strong opinion discussed the power of officers who have only a ministerial duty to perform, and in reviewing the action of the circuit court it was said: "We do not think that the legislature intended to vest in a mere ministerial officer such important power as to pass upon the validity of a nomination certificate before accepting and filing it." [197 P. at 474.] Nor do we.
With respect to recording a document pertaining to land, I believe a circuit clerk is obligated in a purely ministerial capacity to establish that such statutory requirements as prescribed margins and an acknowledgment have been met, whereupon the clerk will have no discretion to decline to record the proffered document. Stated differently, I do not believe the clerk may look behind the document in order to test its legal sufficiency or accuracy.
Question 2: Under current law, if the Circuit Clerk dischargeshis or her affirmative duties and ascertains that the subjectdocument presented for recordation in the office of the recorderof the county (1) is properly acknowledged as provided by law and(2) complies with the size and margin requirements imposed bylaw, does the Circuit Clerk have an absolute and affirmative dutyto record same?
In my opinion, he does. See response to question 1.
Question 3: Because the subject document contained entirequarter sections as legal descriptions, was not signed by anygrantors whatsoever, and contained the statement that the legaldescriptions may not be accurate, the Circuit Clerk ascertainedthat the legal descriptions were indeed inaccurate, if recordedwould such a document constitute a document "clouding oradversely affecting any bona fide interests in real property" asprohibited by A.C.A. 5-37-226?
In my opinion, a recorded document inaccurately asserting mineral rights to property would indeed cloud title to that property.[2] However, because one must establish a knowledge of falsity and intent to mislead as well as an owner's "bona fide interest" in real property in order to prove a violation of A.C.A. § 5-37-226, I am unable to opine on the factual question of whether filing the Memorandum would violate the statute.
Section 5-37-226 of the Arkansas Code (Repl. 2006) provides in pertinent part:
 (a) It is unlawful for any person to have placed of record in the office of the recorder of any county any instrument:
(1) Clouding or adversely affecting:
 (A) The title or interest of the true owner, lessee, or assignee in real property; or
 (B) Any bona fide interest in real property with the knowledge of the instrument's lack of authenticity or genuineness;[3] and
(2) With the intent of:
 (A) Clouding, adversely affecting, impairing, or discrediting the title or other interest in the real property which may prevent the true owner, lessee, or assignee from disposing of the real property or transferring or granting any interest in the real property; or
 (B) Procuring money or value from the true owner, lessee, or assignee to clear the instrument from the records of the office of the recorder.
Subsection (b) and (c) provide for criminal and civil penalties, respectively, for violating this statute.
I cannot opine on the factual question of whether filing the Memorandum would cloud an owner's title by "adversely affecting" any "bona fide interest" he might have in his property. I further cannot opine on the pertinent mental state of the individual who might present the Memorandum for recordation. Only a finder of fact could undertake such an inquiry and possibly assign criminal and/or civil liability in accordance with the provisions of A.C.A. §§ 5-37-226(b) and -226(c).
Question 4: Since the subject document has no signatureswhatsoever of grantors and if it is determined that those personslisted as grantors have not executed an oil or gas leases [sic],would not the subject document constitute a document "clouding oradversely affecting any bona fide interests in real property" asprohibited by A.C.A. 5-37-226?
Assuming the individuals listed as lessors in the Memorandum own and have not leased the oil and gas rights, recording the Memorandum would clearly appear to amount to "clouding or adversely affecting" their "bona fide interests in real property." However, in order to assign liability under A.C.A. §5-37-226, a plaintiff would further have to establish that the individual presenting the Memorandum for recordation had the requisite mental state in doing so.
Question 5: If a person, such as the presenter or the CircuitClerk, that knows that the subject document has no signatureswhatsoever of grantors, knows that the legal descriptions are notaccurate, and knows that those persons listed as grantors havenot executed an oil or gas leases [sic], would those personsplacing the document for recordation in the county records besubject to criminal liability under A.C.A. 5-37-226? Samequestion in regard to civil liability?
With respect to any potential liability of the circuit clerk, who is under a ministerial duty to record any instrument affecting property so long as it complies with formal requirements, see response to question 1, I believe the answer to both parts of your question is "no." Simply stated, given that the clerk is precluded from inquiring into the legal merit of the claims contained in such an instrument, I do not believe he can be subject to criminal or civil liability for failing to do so.
With respect to the person presenting an instrument for recordation, I can offer no more than my opinion that he will expose himself to both civil and criminal liability under A.C.A. § 5-37-226 if he presents the instrument for recordation knowing that it is not authentic or genuine and intending thereby to cloud, adversely affect, impair or discredit the title or other interest of the true owner, lessee or assignee. Only a finder of fact can determine whether any or all of these conditions have been met.
Question 6: Under current Arkansas law, if the answer toquestion number 2 above is in the affirmative and the CircuitClerk is under an affirmative and absolute duty to record adocument such as the subject document (which complies withrequirements imposed by law relating to acknowledgments andmargin requirements), will a Circuit Clerk be in violation ofA.C.A. § 5-37-226 as currently expressed if the answers toquestions 3, 4 or 5 are in the affirmative?
Your question is somewhat problematic in that, as noted above, I was unable to answer questions 3, 4 or 5 with a simple "yes" or "no"; rather, I could do no more than explain that determining liability under A.C.A. § 5-37-226 will always entail conducting an intense factual inquiry of a sort that I am neither equipped nor authorized to undertake. However, for purposes of my discussion, I believe I can paraphrase your question in a way that will allow me to address what I take to be your concern: Assuming the clerk is under a ministerial duty to record an instrument affecting real property so long as the document complies with formal requirements, can the clerk be held liable for violating A.C.A. § 5-37-226 in connection with his or her recording of the instrument? In my opinion, the answer to this question is "no."
As noted in my responses to question 1, I believe a clerk/recorder is precluded from questioning the substance of records relating to land presented for recordation. He or she can do no more than establish that the records comply with formal requirements. As a logical corollary to this conclusion, a clerk obviously cannot be held personally liable for misrepresentations contained in the recorded document. In my opinion, the liability defined in A.C.A. § 5-37-226 can attach only to the individual presenting the instrument for recordation. It cannot attach to a clerk who is statutorily obligated to record the document upon determining that it has been acknowledged and complies with the formalities required of a recordable document.
Question 7: If the circuit clerk has a duty to record theattached document, what would be the total cost of recordation?
$52.00.
With its attachment, the Memorandum is 15 pages long. Subsection 21-6-306(a)(1) of the Code (Repl. 2004) provides that, subject to certain inapplicable exceptions, the recorder must charge $8.00 for the first page of any recordable document and $3.00 for each additional page. Hence the figure recited above.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] The circuit clerk is normally the county recorder. See
A.C.A. 14-14-603(7) (Repl. 1998) and Durden v. SebastianCounty, 73 Ark. 305, 83 S.W. 1048 (1904) (stating that the office of circuit clerk and recorder is "but one").
[2] Black's Law Dictionary (8th ed. 2004) defines the term "cloud on title" as follows:
 A defect or potential defect in the owner's title to a piece of land arising from some claim or encumbrance, such as a lien, an easement, or a court order.
[3] I consider this subsection misleading in that it appears to apply the knowledge requirement only to subsection (a)(1)(B) and not to (a)(1)(A). Acts 1995, No 1086, § 1(a), the authorizing legislation for this subsection, provided in pertinent part:
 It shall be unlawful for any person or persons to have placed of record in the office of the recorder of any county any instrument clouding or adversely affecting the title or interest of the true owner, lessee or assignee in real property or clouding or adversely affecting any bona fide interest in real property with the knowledge of the instrument's lack of authenticity or genuineness. . . .
In my opinion, the "knowledge" provision in this passage clearly modifies everything that goes before — a fact the Code Revision Commission appears to have obscured in further subdividing the statute pursuant to its authority under A.C.A. § 1-2-303(d)(1)(G) (Supp. 2005).