NEWELL *v.* BLACK.

4-6205                                    147 S. W. 2d 991

Opinion delivered February 17, 1941.

*Claude S. Hall, Carl F. Jaggers* and *E. G. Shoffner,* for appellant.

*J. L. Bittle,* for appellee.

HUMPHREYS, J. This is an appeal from a *nunc pro tunc* order entered by the probate court of Cleburne county correcting an order of the probate court of said county entered on January 19, 1916, for the adoption of appellee, Raymond Lewis Black, by C. E. Black and Volena Black, and through a clerical error of the clerk failed to state in the order that they were residents of Cleburne county at the time and that Volena Black, in open court, joined with her husband, C. E. Black, and asked to be made and was made a party to the petition for said adoption; and from an order dismissing the petition of appellants praying that the assets of Volena Black, deceased, after paying the expenses of the administration be paid to them, instead of to the appellee.

Appellants were the brothers and sisters of Volena Black, deceased, and her only heirs at law, unless she

and her husband, C. E. Black, legally adopted appellee when he was about two years old as their child and heir.

The record reflects that about a year before the adoption order was entered by the probate court, C. E. Black, on written application and proper recommendations, procured appellee, then an infant, from the Arkansas Methodist Orphanage of Little Rock, where he had been left in 1914 without the name of father or mother known, with permission to C. E. Black to adopt him; that no children were born to the couple, and that after the adoption order on January 19, 1916, appellee has always lived with his adoptive father and mother to the time of their deaths and was always recognized by them as their son, and he always recognized them as his father and mother, and he took their name as provided in the adoption order; that on March 30, 1938, C. E. Black and Volena Bahm Black, his wife, lived at Tumbling Shoals, a few miles north of Heber Springs where Mrs. Black was postmistress; that on that date their home was destroyed, and they received injuries from which they died, Mr. Black early in April, and Mrs. Black two days later; that an administrator was appointed for Mrs. Black's estate, and that on May 26, 1939, before the administration closed, appellants filed a petition in the probate court of Cleburne county setting up that they were the sole and only heirs of Volena Bahm Black and praying that her estate be distributed to them; that thereafter, on September 2, 1939, appellee filed in said court his intervention and answer to their petition, in which he alleged that he was adopted by her by an order entered in said court on January 19, 1916, and thereby became her sole and only heir at her death, since she and her husband had no other children and praying that the petition of appellants be dismissed, and that the estate be distributed to him; that on the date he filed his answer and intervention he filed in the Cleburne probate court a petition asking that the order for his adoption entered on January 19, 1916, be corrected so as to show that the residence of the parties was in Cleburne county at the time and to show that Volena Bahm Black, in addition to C. E. Black, petitioned for his adoption to her at the

same time and that the court so ordered, but that the clerk of the court failed to include these jurisdictional matters in the order through clerical error; that the court by consent of the parties treated the two cases in the matter of the petition for·adoption and in the matter of the estate of Volena Bahm Black together and entered *a nunc pro tunc* order correcting at length the original adoption order of 1916 and supplying the recitals that C. E. Black and Volena Bahm Black and the infant, William Lewis Black, were residents of Cleburne county at the time the application for and the order were entered, and that upon the petition of C. E. Black, *ex parte,* for the adoption of the infant which was signed and verified only by C. E. Black, Volena Bahm Black, his wife, appeared with him in open court and asked and was allowed to be made a party to the adoption petition.

The issues were heard upon the verified petition of appellee, a certified copy of marriage license showing that C. E. Black and Volena Bahm Black were lawfully married in the Tanhipahoa parrish, Louisiana, April 1, 1906; the certified copy of application of C. E. Black to the Methodist Orphanage of Little Rock, Arkansas, the certified copy of the original petition for adoption of appellee by the said C. E. Black with the indorsement of W. T. Hammock, probate judge of Cleburne county, Arkansas, thereon, the certified copies of the order and judgment thereon and the deposition of William T. Hammock taken on the 23d day of October, 1939, the oral testimony of R. W. Imus and Mrs. R. W. Imus taken in open court, and all other pleadings and proof in the case.

The original petition for the adoption of appellee is as follows:

"C. E. Black, *ex parte.*

"Petition for Adoption

"Comes C. E. Black, and under oath says:

"I am a citizen of Cleburne county and reside at Heber Springs, Ark. I am a married man, maintain a home and have no children of my own. There is now living with me a nameless child whose given name is Raymond, a boy child now two years old. The child has

no parents within my knowledge, is a foundling, and was transferred to my home from the M. E. Church South Orphanage at Little Rock, Ark., with permission to me to adopt. The child has been in our home for the past year. My wife and I are both attached to the child, are able to maintain, educate and train the child suitable to its station in life; and now pray an order of this court adopting to us the said child, investing it with our name, and all rights appertaining to a natural child.

"C. E. Black.

"Subscribed and sworn to before me on January 18, 1916.

"J. E. Duggar, Probate Clerk.
"By D. B. Bailey, D. C."

The original adoption order is as follows:

"In the Cleburne Probate Court
"January term, 1916.
"January 19th, 1916.

"C. E. Black, *ex parte.*
"Petition of Adoption.

"On this day comes on to be heard the petition of C. E. Black and wife for the adoption of an orphan child now under their care and protection, and comes petitioner and his wife into open court and prays the court to grant said petition.

"And the court being well and sufficiently advised, doth grant the prayer of petitioners and adopts said child to petitioners under the name of Raymond Lewis Black, and the clerk is ordered to record and certify this order to the petitioners and to the Methodist Orphanage on payment of cost.

"Signed by probate judge."

Appellants contend that the application for the adoption of appellee was not signed by his wife, Volena Bahm Black, and that the original order of adoption failed to show that Volena Bahm Black adopted Raymond Lewis Black as her son, and that neither the application nor the order itself show that at the time all of them were resi-

dents of Cleburne county, and that for these reasons the proceedings are void, and that the order of the probate court entering a *nunc pro tunc* order to speak the truth was without authority.

By reference to the petition it will be seen that the petitioner made the following statement therein: "My wife and I are both attached to the child, are able to maintain, educate and train the child suitable to its station in life; and now pray an order of this court adopting to us the said child, investing it with our name, and all rights appertaining to a natural child."

By reference to the original order of adoption it will be seen that the petition of C. E. Black and wife for the adoption of the appellee who was then under their care and protection prayed that the petition be granted and that the court being well and sufficiently advised doth grant the prayer of the petitioner and adopts appellee to petitioner under the name of William Lewis Black.

The testimony of the probate judge at the time the order was made and who made the order and the testimony of Mr. and Mrs. R. W. Imus was to the effect that Volena Black came into open court and asked to be made and was made a party petitioner.

We think the application for the order and order itself as well as the testimony show that the intention was that C. E. Black and Volena Black were to adopt appellee, and that the intention of the probate court in making the order was to adopt the child to both C. E. Black and Volena Black.

When Volena Black asked to be made a party to the petition and was made a party thereto by the court she became an interested party thereto as much as if she had signed the petition itself and under our liberal rules of pleading she became a party to the proceeding. Section 1305 of Pope's Digest provides that: "Every action must be prosecuted in the name of the real party in interest. . . ." Section 1311 of Pope's Digest provides that: "All persons having an interest in the subject-matter of the action, and in obtaining the relief demanded, may join as plaintiffs, except where it is otherwise provided."

Appellant contends that § 252 of Pope's Digest is, mandatory and that Volena Black must have complied with every provision therein before she could have become an adoptive mother, but we are not willing to give such a strict and narrow construction to the section. When she appeared with her husband in open court with the child and asked to be made a party to the application and was made a party thereto this was a substantial compliance with the statute.

The undisputed evidence shows that they were residents of the county of Cleburne at the time the original order was made. The correction of the order and judgment of adoption was made upon ample and sufficient testimony and as amended and corrected shows that the probate court had jurisdiction to enter the original order, and, of course, if he had, there is no question that the probate court had a right to correct the order originally made so as to speak the truth. This court held in the case of *Grimes* v. *Jones,* 193 Ark. 858, 103 S. W. 2d 359, that where jurisdictional fact of residence was omitted by error in the adoption of a child in 1911, it was in the power of the court to correct the error in 1935.

This court also held in the case of *Kory* v. *Less,* 183 Ark. 553, 37 S. W. 2d 92, that every court has the right to correct its judgment, and mere lapse of time does not bar correction.

No error appearing, the order of the probate court in both cases which have been consolidated is affirmed.