DANSBY SCHOOL DISTRICT No. 34 *v.* HAYNES SCHOOL DISTRICT No. "H."

4-7946                                              197 S. W. 2d 30

Opinion delivered October 21, 1946.

*Smith & Smith,* for appellant.

*Hal B. Mixon,* for appellee.

SMITH, J. This cause was heard in the court below upon an agreed statement of facts from which we copy the following recitals.

On June 2, 1945, a petition was filed with the County Board of Education of Lee county, signed by nineteen electors comprising a majority of the electors residing in the Dansby School District No. 34, requesting the School Board to dissolve that district and attach its territory to Haynes School District No. H. Notice was published, as required by law, that the petition would be presented to the County Board of Education on June 26, 1945, at 2 p.m. at the office of the county school examiner.

On June 20, 1945, a writing was filed with the County Board signed by a number of electors who had signed the original petition, demanding that their names be stricken from said original petition. The writing filed June 20th contained sufficient signatures to reduce the number of signers of the original petition to three names, a number less than a majority of the qualified electors in the district, there being twenty-nine qualified electors residing in the district.

On June 26th, the date set for the hearing of the original petition, the county examiner announced that the board would not meet as several of the members could not attend, and there was no quorum present, and the chairman announced that the meeting would be adjourned for lack of quorum until 2 p.m., June 29, 1945.

502

On June 29, 1945, shortly prior to the meeting of the board, with all its members present, a third writing was filed with the County Board, signed by a number of electors who had signed the writing filed June 20, 1945, stating that they had reconsidered their action in withdrawing their names, and requesting that their names be reinstated on the first petition.

The attorney for the Dansby District was notified that the board was meeting, and that a third writing had been filed, after which the attorney appeared and asked the board for a continuance of the hearing, which motion was denied. The board thereupon considered the petition and the writings referred to, and ordered the consolidation and made and entered appropriate orders accomplishing that purpose. This third writing filed with the board contained sufficient signatures, which if reinstated would constitute a majority of the electors in the Dansby District. No notice of any kind was given of the filing of this third writing, referred to by the witnesses as the third petition.

On the appeal to the circuit court the order of the board in abolishing the Dansby District, and consolidating its territory with the Haynes District was affirmed, and this appeal is from that judgment.

The proceedings above recited were had under the authority of Act 327 of the Acts of 1941, which created a system of county boards of education. Section 10 of this act authorizes the board to hold both called and adjourned sessions, and the board had the same authority to take any action on the day to which it adjourned as it had on the day on which it convened.

The important questions in the case are whether the board had the authority to permit an elector to restore his name to the petition, after having asked that it be stricken, and if so whether a new petition was required after the stricken names had been restored.

A new petition was not required. There was in fact only one petition and it is conceded that proper notice of the intention to present it was given. The fact that

names were stricken from and later restored did not make a new petition. The only petition in the case was one asking the consolidation of the districts. Jurisdiction to act was conferred upon the board by filing a proper petition containing the requisite number of signers, and giving the notice thereof required by the statute. These requirements having been met, the board had the authority to consider and pass upon the petition and its action accorded with the provisions of § 11481 of Pope's Digest.

This section requires the board to find, among other findings, whether the required number of electors had signed the petition and provides that "any elector signing said petition may have his name stricken from said petition, upon written demand, at any time prior to the final action of said county board upon said petition."

Unquestionably an elector has the right to have his name stricken from the petition. *Rural Special School District v. Special School District,* 186 Ark. 370, 53 S. W. 2d 479. But does he not also have the right to have his name restored, provided the request for that action is taken "at any time prior to the final action of said county board?" The intendment of the statute appears to be that the signers of the original petition have the period of time from the date the original petition was filed, to the time of submission for final action by the board, to determine whether their names shall be withdrawn. If when the petition is finally submitted to the board for its action, an elector who has signed the original petition has indicated in writing that he wishes his name to be considered as a signer, then his signature has not been withdrawn.

The case of *Texarkana Special School Dist. v. Consolidated School Dist. No. 2,* 185 Ark. 213, 46 S. W. 2d 631, involved the statute then in force governing the change of boundaries of school districts, which could be done upon a petition filed with the county court. We likened the filing of this petition to an election, in which the elector had cast his ballot when the petition was filed, the filing of which, in the absence of deception or fraud practiced upon the elector, became irrevocable so far as

the casting of his ballot is concerned. The same analogy to an election is found in the existing law, except that the time of the election is changed from the date of the filing of the petition to the time when the petition is presented to the board for its final action. In other words, the election has not been held until the petition has been presented to the board for its final action, prior to which time the elector has the right to determine whether his name signed to the original petition shall be included or excluded.

It is essential, of course, that the petition when filed contain the requisite majority, but the question whether it did contain that majority is to be determined as of the time the petition is presented to the board for final action. Prior to that time names appearing upon the petition may be stricken upon the written demand of the elector who had signed, but even so it may be restored provided the elector makes written demand that this be done, and the instrument referred to as the third petition was such a demand. This demand does not add a new name to the original petition, it merely restores a name to that petition which appeared thereon when it was filed.

It was urged that the board erred in refusing to grant a continuance, the purpose of which is not stated, but may be surmised to have been to afford opportunity to solicit vacillating petitioners to again change their minds, but we think this was a matter within the discretion of the board, and no abuse of this discretion is shown, as the electors had ample time to be solicited and to have determined whether they wished their names to be included or excluded.

The judgment is therefore affirmed.