HORN *v.* SCHOOL DISTRICT No. 23 OF SEARCY COUNTY.

4-8539                                         211 S. W. 2d 107

Opinion delivered May 17, 1948.

*N. J. Henley* and *J. F. Koone,* for appellant.

*Opie Rogers,* for appellee.

ROBINS, J. Appellants, electors of School District No. 1 of Searcy county, seek to reverse judgment of the circuit court by which the action of the County Board of Education in consolidating that district with School District No. 23 was affirmed.

The only question posed is whether, after petition for consolidation (as authorized by § 11481, Pope's Digest) is filed with the Board of Education,, and notice thereof given, but before the same is acted on by the county board, supplemental petitions, asking for the consolidation, signed by electors not on the original petition, may be filed and taken into account by the board in determining whether the consolidation is favored by a majority of the district's electors.

In the case at bar it appeared that there were 40 electors in the district; so that 21 qualified signers on the petition were required. The petition involved herein was signed by 27 persons, of whom it was shown six were not electors, leaving thereon 21 valid signatures. Of these, four signers, shown to be electors, filed written requests, under the provisions of the statute (§ 11481, Pope's Digest), before the board acted on the petition, to have their names taken therefrom. Thus, there was left a total of only 17 proper signatures on the petition. Thereafter, and before any action by the board, seven persons, claiming to be electors of the district, filed petitions asking that the consolidation, as prayed for in the original petition, be made. The circuit court held that these persons should be counted as signers of the original petition, thus arriving at the conclusion that the petition was signed by a majority of the voters of the district.

We have not heretofore had occasion to pass on this question. However, in holding, in the case of *Dansby School District No. 34* v. *Haynes School District No. "H,"* 210 Ark. 500, 197 S. W. 2d 30, that electors who

had, before the Board of Education acted, made written request that their names be taken from a consolidation petition, might have their names reinstated on the petition, we said: "It is essential, of course, that the petition when filed contain the requisite majority, but the question whether it did contain that majority is to be determined as of the time the petition is presented to the board for final action. Prior to that time names appearing upon the petition may be stricken upon the written demand of the elector who had signed, but even so it may be restored provided the elector makes written demand that this be done, and the instrument referred to as the third petition was such a demand. *This demand does not add a new name to the original petition,* it merely restores a name to the petition which appeared thereon when it was filed." (Italics supplied.)

The Legislature, which has plenary power to regulate the organization and affairs of school districts, expressly provided that any person who had signed a petition for consolidation might, before the petition was acted on by the county board, have his name stricken from the petition.

But the Legislature did not authorize the addition of new signatures to the petition after it was filed nor did it authorize the filing of additional petitions, after the original petition was filed and the required notice thereof given. Since the lawmakers authorized the withdrawal of names from such petition, they must have realized that the exercise of this right might, in some cases, reduce the number of signers on a petition to less than the required majority.

The fact that, with knowledge of this possibility, the Legislature did not see fit to extend to the promoters of the consolidation the right, after filing of the petition, to obtain other signatures or file additional petitions is highly significant, and we think it must be taken as indicative of a legislative intent to withhold such a right. *Watkins* v. *Wassell*, 20 Ark. 410; *Little Rock & Fort Smith Railroad Company* v. *Clifton*, 38 Ark. 205; *Cook, Commissioner of Revenues*, v. *Arkansas-Missouri Power Corporation*, 209 Ark. 750, 192 S. W. 2d 210.

We conclude, therefore, that the lower court erred in holding that the additional petitions and requests for consolidations filed after the notice of filing of the petition was given, were in reality a part of the original petition; and for that error the judgment is reversed and the cause remanded with directions to grant a new trial and for further proceedings not inconsistent with this opinion.