GEORGE *v.* WARD.

4-8638

216 S. W. 2d 52

Opinion delivered December 6, 1948.

Rehearing denied January 24, 1949.

*Ben B. Williamson,* for appellant.

*John B. Driver,* for appellee.

GRIFFIN SMITH, Chief Justice. The appeal challenges dissolution of a school district and annexation of its territory to another.

At a called meeting September 13, 1947, the Stone County Board of Education certified that statutory requirements permitting Alco School District No. 26 to be dissolved and its territory annexed to Timbo School District No. 13 had been met, and granted the petition. This necessarily involved findings that a majority of qualified electors in District 26 had proceeded in an ap-

propriate manner, that District 13 had consented, that notice by newspaper publication for two weeks had been given, and that factual matters in controversy—where a determination was essential to the action taken—had been disposed of.

In an appeal lodged here May 1, 1948, objectors in District 26 contend that the Circuit Court judgment of November 18, 1947, upholding consolidation, is erroneous. There is no bill of exceptions, but appellants think facts in avoidance are apparent on the face of the record.

That which, *prima facie*, was the judgment of November 18th recites a total of 72 qualified voters in District 26. Of this number 33 signed the petition filed with the Board August 18th. First publication was August 22. Thereafter four additional signatures were procured, and certain so-called "maiden voters" who filed affidavits as to age were counted for the proponents, thereby indicating a clear majority for consolidation.

It is now insisted that under authority of *Horn* v. *School District No. 23 of Searcy County*, 213 Ark. 490, 211 S. W. 2d 107, names subsequently added could not be counted, hence the movement failed and the judgment must be reversed.

This would be true if consideration were confined to the record appellants discuss. But we are confronted with a different situation. Following the appeal, those favoring consolidation petitioned for deferment of submission until the trial Court could correct the record by order *nunc pro tunc*. Later, by *certiorari*, the substituted document was brought up under the Court's signature, with a finding that the purported judgment had never been rendered, but through misprision it was certified. This, seemingly, was done upon what the Clerk conceived to be an agreement between parties that the presumptive judgment-findings were authentic, hence want of good faith is not to be imputed. However, Judge Bone distinctly found that writing relied upon did not have his approval, and that it was erroneous in several respects. In the actual judgment it is recited that oral

testimony was heard, and that factual findings were predicated upon such testimony and upon the record made before the Board of Education. There is this significant statement:

"The Judge of the Stone County Circuit Court has at no time approved or signed any such order as has been entered in the transcript filed on appeal to the Supreme Court, as is shown therein at pages 15 to 17, inclusive. . . . Said order reflects that the case was tried entirely on the petitions and pleadings filed by both parties, when in truth and in fact the case was heard on oral testimony taken by numerous witnesses, all of which testimony was taken down in shorthand by the Court Reporter and could have been presented to the Supreme Court if . . . appellants had seen fit to have prepared and filed a bill of exceptions as [they were] authorized to do in the order overruling the motion for a new trial".

Power of a Court, and inferentially its duty, to protect the accuracy of its judgments is inherent. The right is not circumscribed by terms, nor limited to tenure of the particular Judge. It is distinct from procedure permitting amendment, correction, or reconsideration during term time, or thereafter for any of the reasons mentioned in § 8241-46 of Pope's Digest; nor is it related to the equitable prerogative of bill of review, nor the legal remedy by writ of error *coram nobis*.

The right rests upon the proposition that no one is entitled to an advantage predicated upon something that, from the judicial standpoint, has never existed; while upon the other hand one to whom rights were given by appropriate procedure will not be deprived of that which is justly his merely because an administrative agency has been mistaken or because a clerical error occurred. *Henderson* v. *Freeman,* 205 Ark. 856, 171 S. W. 2d 66; *Newell* v. *Black,* 201 Ark. 937, 147 S. W. 2d 991; *Davie, Executor,* v. *Smoot,* 202 Ark. 294, 150 S. W. 2d 50; *St. Louis-San Francisco Railroad Company* v. *Hovley,* 196 Ark. 775, 120 S. W. 2d 14; *Williams* v. *Goodwin,* 200 Ark. 897, 141 S. W. 2d 515. There are many

other cases with similar holdings. See Supreme Court Procedure, by Carl R. Stevenson, 1948 revision, pp. 160-63.

The time within which application for an order *nunc pro tunc* might be made was considered in *Mc-Kinney* v. *Bugg*. In a *per curiam* order of November 22, 1947, it was said that a trial Court has the right to make its judgments or decrees speak the truth, and that the power to correct is not affected by appeal. The only limitation is that unless motion is filed before a cause comes on for submission, Supreme Court permission must be obtained. If the request is made before submission time, power to act inheres in the trial Court.

When on July 21, 1948, Circuit Court substituted as its original judgment the order found to have been made November 18, 1947, there is affirmative showing that a majority of the qualified electors of District 26 signed the jurisdictional petition for consolidation; hence, in the absence of a bill of exceptions upon which error can be predicated, we cannot say the findings were wrong.

Affirmed.