LYERLEY *v.* MANILA SCHOOL DISTRICT No. 15.

THRELKELD *v.* MANILA SCHOOL DISTRICT No. 15.

4-8728, 4-8732                               215 S. W. 2d 733

Opinion delivered December 6, 1948.

Rehearing denied January 10, 1949.

*Claude F. Cooper* and *Gene Bradley,* for appellant.

*Holland & Taylor,* for appellee.

*W. Leon Smith,* for appellant.

*Holland & Taylor,* for appellee.

HOLT, J. For the purpose of this opinion, these two cases are consolidated, *(Holthoff* v. *State Bank & Trust Company, et al.,* 208 Ark. 307, 186 S. W. 2d 162).

*No. 8728:* Appellees, petitioners below, proceeding under the provisions of § 11481, as amended, and § 11488 (as amended by Act 235 of 1947), of Pope's Digest, presented their petition, containing a majority of the qualified electors in Milligan Ridge School District No. 8, to the County Board of Education of Mississippi County, asking dissolution of District No. 8 and its annexation to Manila School District No. 15. The Board of Directors of District No. 15 filed petition consenting to such annexation. Notice of hearing on the petition for annexation was published for two weeks, in accordance with § 11481, *supra,* and Act 271 of 1943.

Upon a hearing before the County Board of Education, the prayer of petitioners was granted and annexation ordered.

In apt time, an appeal was taken, by appellants, to the Mississippi Circuit Court and the cause was submitted on the petitions, proof of publication of notice

and testimony of witnesses, and the court found, in effect, that due notice of the filing of appellees' petition with the County Board of Education had been published two weeks, as required by law; that the petition contained a majority of the qualified electors residing in Milligan School District No. 8; that the Board of Directors of Manila School District No. 15 had consented to such annexation, and accordingly ordered dissolution of District No. 8 and its annexation to No. 15.

This appeal followed.

But one question is presented by appellants and that is,—whether the publication of notice of hearing on appellees' petition, for two weeks, instead of three weeks, was sufficient?

Appellants say: ''It is the contention of appellants that the Circuit Court failed to take into consideration the fact that the notice as provided for in § 11481 of Pope's Digest was no longer applicable, but had been amended by Act 202 of 1947, requiring 3 weeks' publication instead of two.''

Publication of notice as required by statute is a prerequisite to jurisdiction. *Sugar Grove School District No. 19* v. *Booneville Special School District No. 65*, 208 Ark. 722, 187 S. W. 2d 339.

Here, as indicated, appellees sought dissolution of School District No. 8 and its annexation to Manila School District No. 15, by submitting to the County Board of Education of Mississippi County, a petition containing a majority of the qualified electors of District No. 8, instead of pursuing the election method. Either method was accorded them under the provisions of § 11488, *supra,* as amended by Act 235 of 1947, as follows: ''The County Board of Education may dissolve any school district and annex the territory thereof to any district within the county when petitioned to do so by a majority of the qualified electors of the district to be dissolved, or by an election held in the district to be dissolved where a majority of the votes cast are in favor of the dissolution and annexation, and upon the

consent of the board of directors of the district to which the territory is to be annexed.''

Appellants, do not question appellees' right to proceed by the petition method, but their contention is that appellees were required to give three weeks' published notice of the filing of the petition ''and the date of hearing thereon'' before the County Board of Education, and argue that § 11481, as amended by Act 202 of 1947, requires such three weeks' published notice. Section 11481, *supra,* provides: ''Notice of hearing on petition. When a petition is filed for the formation of a new school district and the dissolution of other districts, or for the annexation of territory to any district, purporting to be signed by a majority of the qualified electors in each district affected, notice thereof shall be given by publication in a newspaper having *bona fide* circulation in the county, to be given by the county examiner on order of the county court, and published once a week for two weeks, giving the date of the hearing of such petition. At such hearing the county court (now the County Board of Education, Act 235 of 1947), shall consider whether the petition is signed by the requisite number of electors; provided that for the purpose of determining whether said petition contains a majority of the qualified electors of each district, a majority shall be determined as of the date said petition is considered by said county court, and if it finds that it is, it may grant the prayer of the petition if it deems it best for the interests of the inhabitants of the territory affected. . . . Appeals may be taken to the Circuit Court from the findings of the court on the ground that the requisite number of electors have not signed the petition, or because the notices herein required were not given. The findings of the county court otherwise will be conclusive.''

The Legislature of 1943, by Act 271, § 2, amended § 11481, as follows: ''Authorizing Publication of Certain Notices. When a petition is filed praying for the formation of a new school district, the dissolution of a district, or for the annexation of territory to any district, purporting to be signed by a majority of the quali-

fied electors in each district affected; or when a school election is to be held for any purpose, the county school supervisor shall, without an order from the county board of education, or any other agency, cause notice thereof to be published once a week for two weeks giving the date of the hearing of such petition or the date of such election.''

It will be observed that the word ''election'' was not mentioned in § 11481 until the 1943 amendment. In 1947, the Legislature enacted Act 202, as follows: ''AN ACT to Amend § 6 of Act 327 of 1941; § 2 of Act 271 of 1943; and §§ 11553, 11481, 11515, and 11525 of Pope's Digest to Set Up a Uniform Procedure in the Method of Publication of Notices of Either Annual or Special School Elections:

''WHEREAS, When school elections are called for voting on the question of loans from the Revolving Loan Fund, commercial bond issues, the formation of new school districts, the annexation of territory to any district, the dissolution of districts, and for other purposes, And

''WHEREAS, When the annual school election is called, the procedure for publishing notice of the election varies with the procedure for publishing notices of special elections, And

''WHEREAS, It is felt that a need exists for a uniform procedure in the publishing of notices for both annual and special elections, NOW THEREFORE BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF ARKANSAS:

''SECTION 1. Notice of Election. The County Supervisor shall give notice of each annual school election and all special school elections called for any purpose by publication once each week for three (3) consecutive weeks, the last of which shall be not less than twenty (20) days preceding the date of the election in some newspaper published in the county or having a *bona fide* circulation in the county. Such notice shall state time, place, purpose of election, and the zone or zones wherein vacancy or vacancies exist. This pro-

vision for notice of school elections shall supersede all former legal requirements as to notice for either annual or special school elections for any purpose and shall be, from and after the passage of this Act, the sole requirement for notice for any school election.

"SECTION 2. All laws and parts of laws in conflict herewith are hereby repealed. APPROVED: March 7, 1947."

Appellants insist that this latter act so amended § 11481 as to require three weeks' published notice in the present case instead of two. We cannot agree.

The very purpose of this act, as stated in the title, is to set up "a uniform procedure in the method of publication of notices of either annual or special school elections." The word "petition" is not even mentioned in the act.

The act provides that when the election method is followed, whether annual or special, notice of such election must be given "by publication once each week for three (3) consecutive weeks, the last of which shall be not less than twenty (20) days preceding the date of election, etc." "Such notice shall state time, place, purpose of election," but, say appellants, one of the purposes of Act 202 was to amend § 11481, as stated in the title of Act 202. Other than in the title, there is absolutely nothing in the remainder of the act, consisting of the three paragraphs of the preamble, and §§ 1 and 2 of the act, to indicate that the Legislature had in mind any method other than the general or special election method. Nowhere in this act is the petition method referred to. While we may look to the title of an act only for the purpose of throwing light upon the intent of the Legislature in passing it, we think by setting out in the title of Act 202 that one of its purposes was to amend § 11481, the Legislature properly had in mind § 11481, as amended by § 2 of Act 271 of 1943, *supra*, which amendment after its effective date required only two weeks' published notice, regardless of whether the petition method or the election method was pursued by the petitioners for dissolution and annexation of a school district.

It is our conclusion, and we hold, that Act 202 of 1947 amended § 11481, as amended by Act 271, *supra,* to require three weeks' published notice, when the election method for dissolution and annexation is followed, but left in full force the remainder of § 11481 as amended by Act 271 of 1943, which requires only two weeks' publication of notice when the petition method is pursued as in the instant case.

Accordingly, the judgment is affirmed.

*No. 8732:* This is a companion case to No. 8728, *supra.* Appellees, petitioners below, proceeding under the provisions of § 11488, as amended by Act 235 of 1947, and § 11481, as amended by Act 271 of 1943 and Act 202 of 1947, filed their petition before the County Board of Education of Mississippi County, which petition contained a majority of the qualified electors within District praying that Brown District be dissolved and the territory annexed to Manila School District No. 15. The notice of the filing of the petition and the hearing date before the Mississippi County Board of Education was published for two weeks. This notice was as follows:

"The Mississippi County Board of Education will meet July 23 at 2 p. m. in Blytheville Courthouse, for the purpose of considering the petitions requesting that Reece School District No. 33 and Flat Lake School District No. 49 be dissolved and the territory comprising these districts be annexed to Blytheville School District No. 5, and that Miligan School District No. 8 and Brown School District No. 50, be dissolved and the territory comprising these districts be annexed to Manila School District No. 15. Signed: Philip J. Deer, County Supervisor of Mississippi County Schools."

Appellants filed a Remonstrance before the County Board in which they challenged the jurisdiction of the Board to hear the petition of appellees and the sufficiency of appellees' petition.

Upon a hearing before the County Board, from the petitions, documentary and oral evidence, it found: "First, that after the petition was filed, notice was published two weeks, as required by law, that the hearing

to be on the 23rd day of July, 1947; . . . Second, that the petition contained a majority of the qualified electors residing in Brown Spur School District No. 50. Third, that a petition was filed by the Board of Directors of Manila School District No. 15 asking that said territory be annexed to said School District No. 15," and "decreed that School District No. 50 be dissolved and that said territory as above described be annexed to Manila School District No. 15."

In apt time, appellants appealed to the Mississippi Circuit Court, and upon a hearing, the order of the Mississippi County Board of Education was in all things affirmed.

This appeal followed.

For reversal, appellants argue: "1. That the County Board of Education was without jurisdiction because the notices given were not in compliance with the statutory requirements.

"2. That § 11488 of Pope's Digest as amended by Act 235 of the Acts of 1947 was not complied with.

"3. That the appeal in this case was taken under the provisions of Act 183 of the Acts of 1925, and that on appeal from the order of the County Board of Education, this cause should have been tried *de novo*, and that the evidence was insufficient to justify the granting of the petition.

"4. That under the undisputed evidence, and the circumstances related above, the action of the County Board of Education, in granting the petition was arbitrary, unreasonable and void.

"5. The County Board of Education and the Circuit Court were without jurisdiction because of the failure of the record to show that the Board of Directors of the School District to which the territory was to be annexed had consented thereto."

Appellants' contentions 1 and 2, are in effect, the same as those made in cause No. 8728, *supra*, and must be denied for the reasons assigned in that opinion, which are controlling here.

As to appellants' contentions 3 and 4, the record reflects that on the hearing before the Mississippi Circuit Court, on appeal, the judgment contained the following recitals: "Now on this, the 21st day of February, 1948, . . . this matter comes on to be heard on the petition signed by qualified electors of Brown Spur School District No. 50 of Mississippi County, Arkansas, asking that said school district be dissolved and the territory annexed to Manila School District No. 15 of Mississippi County, Arkansas, documentary evidence and oral evidence.

"The Court finds: First, that after the petition was filed before the County Board of Education notice was published two weeks as required by law, that the hearing would be heard on a day certain. Second, that the petition contained a majority of the qualified electors residing in the Brown Spur School District No. 50 of Mississippi County, Arkansas. Third, that a petition was filed by the Board of Directors of Manila School District No. 15 of Mississippi County, Arkansas, asking that said territory of School District No. 50 of Mississippi County, Arkansas, be annexed to said School District No. 15. . . .

"IT IS, THEREFORE, by the Court considered, adjudged and decreed that School District No. 50 of Mississippi County, Arkansas, be dissolved and that said territory, as above described, be annexed to Manila School District No. 15 of Mississippi County, Arkansas. An appeal is prayed and granted."

On the hearing before the County Board of Education "it shall consider whether the petition is signed by the requisite number of electors; . . . and if it finds that it is, it may grant the prayer of the petition if it deems it best for the interests of the inhabitants of the territory affected." (§ 11481, *supra*.)

"County Boards of Education are vested by law with a sound discretion in the determination of matters necessary to the formation or consolidation of school districts, which is subject to review only when it appears that such orders are arbitrary or unreasonable." *Priest* v. *Moore,* 183 Ark. 999.

Appeals may be taken to the Circuit Court from the County Board of Education on the ground that the requisite number of electors have not signed the petition, or because the notice required was not given. The findings of the County Board of Education otherwise are conclusive. Section 11481, *supra*.

So here, on appeal, the Circuit Court had the power to determine whether the requisite number of qualified electors had signed the petition, whether consent of District No. 15 had been given, whether the notice required was given, and whether the order of the County Board of Education was arbitrary or unreasonable. In this case, we find no evidence of any unreasonable or arbitrary action on the part of the County Board and appellants have pointed to none.

We think appellants' 5th contention is wholly without merit for the reason that both the County Board of Education and the Circuit Court, on appeal, made specific findings that a petition was filed by the Board of Directors of Manila School District No. 15, asking that said territory (in District 50) be annexed to said District No. 15. Manila School District No. 15 is a party to this litigation (one of the appellees), and did not appeal from the order of the County Board of Education, which found, as indicated, that District No. 15 had consented to the annexation.

Finding no error, the judgment is affirmed.