BAKER *v.* ALLEN.

4-9246                                    231 S. W. 2d 98

Opinion delivered June 26, 1950.

W. F. Reeves, V. D. Willis and W. S. Walker, for appellant.

Henley & Henley, N. J. Henley and J. F. Koone, for appellee.

ED. F. McFADDIN, Justice. This is a contest for the office of School Director. At the annual school election in 1949, appellant and appellee were rival candidates; and on the face of the returns, appellee was the victor. On October 7th appellant filed contest before the County Board of Education and made a bond conditioned in the exact language of § 3-1210 Ark. Stats. The appellant was unsuccessful in the contest before the County Board and filed his affidavit for appeal to the Circuit Court, but did not tender or file any bond for appeal.

In the Circuit Court appellee moved to dismiss the appeal on the ground that the appellant had not filed an appeal bond under Act 183 of 1925.[1] The Circuit Court sustained the said motion in this language:

". . . It is therefore considered, ordered, adjudged and decreed that Contestant's appeal should be and the same is hereby dismissed for failure to file the appeal bond as required by law, . . ."

The correctness of the Circuit Court's judgment is the only question presented on this appeal. Appellant thus states the issue:

"The sole question presented to the court in this appeal is whether or not the bond given by appellant when he filed his contest against the appellee . . . meets the requirements of Act 183 of 1925, requiring the applicant in all cases appealed from the County Board of Education where the money judgment is involved, to give bond for the payment of costs."

Appellant claims that the bond which he filed at the beginning of his contest before the County Board was

---

[1] See Compiler's Note following § 80-213 Ark. Stats.

amply sufficient for all purposes, since it was conditioned ". . . that the contestant and his securities will pay to the contestee or defendant in the action, and the officers of the court, such sum of money as shall be adjudged against him in the court in which the suit shall be brought or in any court to which it shall be carried by appeal or otherwise."

But Act 183 of 1925 says ". . . any person or persons being a party to the record or proceeding in a manner brought before any county board of education, who feels aggrieved by any final order or decision of any such Board of Education, may prosecute an appeal from any such final order or decision, provided, any such person or persons shall within thirty (30) days from the date of the final order or decision complained of, . . . enter into a bond with good and sufficient surety thereon in such sum as shall be ordered by such Board of Education . . ."

That Act 183 of 1925 is the Statute governing appeals from the County Board of Education to the Circuit Court has been held in a series of cases, two of the most recent of which are *Board* v. *Norfork District,* 216 Ark. 934, 228 S. W. 2d 468, and *Gibson* v. *Board, ante,* p. 386, 230 S. W. 2d 44 (decided May 29, 1950). In the last mentioned case the failure to file the bond was held to be fatal to the appeal. *Gibson* v. *Davis,* 199 Ark. 456, 134 S. W. 2d 15, held that Act 183 of 1925 was not repealed by Act 169 of 1931.

The Legislature has plenary power to prescribe the time and manner of appealing from the County Board of Education to the Circuit Court;[2] and by the quoted language above, the Legislature has prescribed that a bond shall be executed "within thirty days from the date of the final order . . ." This provision might have been so worded by the Legislature in order that the County Board would have full notice that an appeal was actually to be prosecuted, or it might have been so worded for some other reason; but, at all events, the Statute clearly says that an appeal bond shall be filed *after* the

[2] See *Jones* v. *Floyd,* 129 Ark. 185, 195 S. W. 360, and also *Horn* v. *School District,* 213 Ark. 490, 211 S. W. 2d 107.

County Board's ruling. The bond filed by the appellant at the beginning of his contest does not meet the requirements of the Statute; so the Circuit Court was correct in dismissing the appeal.

Affirmed.