ALTUS-DENNING SCHOOL DISTRICT No. 31 *v.* OZARK
SCHOOL DISTRICT No. 14.

4-9543                                                242 S. W. 2d 709

Opinion delivered October 15, 1951.

*Wiley W. Bean* and *Mark E. Woolsey,* for appellant.

*Yates & Yates, John J. Cravens* and *Jeta Taylor,* for appellee.

GRIFFIN SMITH, Chief Justice.   The appeal presents three primary issues:   (a) Was the annexation of Alix School District No. 33 to Ozark School District No. 14 effective when the Franklin County Board of Education, and Circuit Court on appeal, dealt with five districts in 1930?; (b) may a majority of a segment of a school district (where no part of the territory is contiguous to the parent body) be legally annexed on petition of electors of the segment only?; (c) had the right of appeal in the case at bar been lost?   Secondary issues are discussed in the briefs.

In 1950—after retaining petitions, resolutions, certificates, etc., about a year in order to give the subject full consideration, the Franklin Board of Education found that a majority the electors in "former" Alix School District No. 33 had petitioned for annexation to Altus-Denning District No. 31.   It was also found that

no part of Alix district touched the Ozark district, that matters of transportation and other elements of econ-omy and convenience supported the change, and that in all respects the petitioned result would be for the best inter-est of the community served. With these conclusions there does not appear to be serious disagreement and it is quite clear that the Board, in making its order, enter-tained a sincere conviction that correct results were being reached.

There was no Supreme Court appeal from the Circuit Court judgment consolidating the five districts Sept. 26, 1930. But it is argued that legal authority did not exist at that time for the annexation of non-contiguous terri-tory, hence the Board's order and the Circuit Court judg-ment are void on the face of the record. Authority for the consolidation appears to have been Act 156 of 1927, which does not expressly or by necessary implication prohibit the inclusion of a non-contiguous area. The 1927 enactment amended § 8823 of Crawford & Moses' Digest, and, of course, preceded the recodification measure of 1931—Act 169, and its amendments. Since the annexa-tions in Franklin County occurred in 1930, Ark. Stat's, § 80-404, had no application until the consolidation of 1950 was undertaken. It follows that in the absence of some showing that a matter essential to jurisdiction was omitted when the earlier consolidations occurred, the objections now raised cannot be reached collaterally or directly.

With the record in this condition the trial court from which this appeal comes correctly treated Alix district as part of Ozark No. 14 and had no alternative but to say, upon undisputed record facts, that the petitions coming from the Alix area were insufficient as a matter of law.

Our attention is called to Judge Mehaffy's language in *Priest* v. *Moore,* 193 Ark. 999, 39 S. W. 2d 710, where the broad discretion of county boards of education was commented upon and emphasized. The opinion was cited in *Lyerley* v. *Manila School District No. 15,* 214 Ark. 245, 215 S. W. 2d 733. The Priest-Moore reference, however, was immediately preceded by the statement that county

boards of education are charged with the duty of determining whether petitions are signed by the requisite number of electors. Favorable action depends upon an affirmative finding, and only in that event may the board grant the prayer of the petition "if it deems it best for the interests of the inhabitants of the territory affected." See Ark. Stat's, § 80-216.

Our attention is also called to Initiated Act No. 1, of 1948, § 3 [Acts 1949, p. 1414], but the directive there for county boards to study the entire school program is aimed at "the new school district as created herein."

There is a proviso authorizing *non-contiguous* territory to be included in any district, "and a district or districts not adjoining may be added to or consolidated with another district or districts." Ark. Stat's, § 80-404. Appellant thinks this was intended as authority for the transaction whereby the county board directed that the Alix territory be transferred to Altus-Denning. We think the entire statute must be read as a whole, and that it was not the intent of lawmakers to permit a portion of a district to make its own election and then, if supported by the county board, become attached to a new district.

Matters complained of in contending that the appeal was not perfected were supplied by a supplemental filing.

Affirmed.