JONES v. WILLIAMS.

4-9824                                              248 S. W. 2d 882

Opinion delivered May 19, 1952.

*Culbert L. Pearce,* for appellant.

*C. E. Yingling* and *C. E. Yingling, Jr.,* for appellee.

HOLT, J. Proceeding under §§ 80-404, *et. seq.,* Ark. Stats., 1947, appellants, Andy Jones and other qualified electors residing north and east of Little Red River in

West Point School District No. 3, White County, along with J. H. Moody and three hundred and twenty-four other electors, who reside in Bald Knob Special School District,—also in White County,—filed petition before the County Board of Education of White County, asking for an order, detaching the territory north of the River from the West Point District, and annexing it to the Bald Knob District.

October 16th, appellees intervened and demurred to the petition. The Board of Education overruled the demurrer, ordered an election in both districts, and held, in effect, "as a matter of law," that the petitioners would have to obtain a majority of all votes cast in each district, separate and apart from the other, before the Board could order such territory taken from the West Point District.

On appeal to the Circuit Court February 26, 1952, the Court, in its judgment, said: "That it rejects and reverses in part the conclusions of law made by the Board of Education * * *, and in lieu thereof declares the law to be:

"(a) That there is no need for an election to be held in Bald Knob Special School District, for the reason that said District through its Board of Directors has given its consent in writing for the 'affected area' to be annexed to it when legally detached from West Point School District No. 3.

"(b) That the consent of a majority of all of the qualified electors of West Point School District No. 3, by petition or election is necessary to authorize the Board of Education to detach territory from West Point School District No. 3 to be annexed to the Bald Knob Special School District," and since the petitioners had conceded in their pleadings that they did not have, and could not have, the consent of the majority of the qualified electors of all of the West Point District for said territory to be detached for annexation purposes, it dismissed appellant's petition "for the reason that the desired relief is not authorized by law."

From the judgment is this appeal.

The judgment of the trial court was correct.

Appellants say: "The sole purpose of this appeal is to obtain a clear interpretation of §§ 80-404 and 80-409 of the Revised (1947) Statutes which pertain to taking territory from one school district and annexing it to another."

Material parts of § 80-404, Ark. Stats. 1947, applicable to the question presented are: "The several county boards of education shall have full power and exclusive right within their respective counties to * * * take territory from one or more districts and add it to other districts * * * on the consent of a majority of the electors in *each* school district affected as shown by petitions or elections as herein provided. * * * *provided, that* said *courts* (county boards) *may, in their discretion, take a portion of one district and add it to another upon the petition of a majority of the qualified electors, residing in such district from which same is taken,* * * *."

Section 80-409 provides: "The county board of education, upon a petition of ten per cent of the qualified electors in the territory affected, may submit to the electors at * * * a special election the question of * * * the annexation of the territory thereof to another district, as provided in § 44 (§ 80-404) of this act, * * *."

Here, appellants seek to detach a part of West Point District No. 3 and annex it (or add it) to the Bald Knob District (both districts being in White County) without the consent of a majority of the qualified electors in the entire West Point District. Appellants contend that the consent only of a majority of the electors in the area sought to be detached from the West Point District is necessary under § 80-404. We cannot agree.

The identical question presented has been determined adversely to appellants' contention by this court in the very recent case of *Altus-Denning School District No. 31 v. Ozark School District No. 14,* 219 Ark. 404, 242 S. W. 2d 709. In construing § 80-404 above, we there held: (Head-

note 2) ''Petitions signed by a majority of the electors in that part of a school district attached to another district in 1930 were not sufficient to effect the district as a whole, and the complaining segment was powerless, in 1949 and 1950, to detach itself from the entity of which it was a part without a vote of the entire district,'' and in the body of the opinion, we said: ''It was not the intent of lawmakers to permit a portion of a district to make its own election and then, if supported by the county board, become attached to a new district.''

Finding no error, the judgment is affirmed.