14

## PIKE COUNTY SCHOOL DISTRICT NO. 1 *v.*
## PIKE COUNTY BOARD OF EDUCATION ET AL

5-5001                                                444 S. W. 2d 75

Opinion delivered August 25, 1969

*James A. Buttry,* for appellant.

*Joe H. Hardegree,* Prosecuting Attorney, for appellees.

*Arnold & Arnold,* for Intervenors Harmon O. Davis et al.

LYLE BROWN, Justice. Pursuant to a petition purportedly signed by a majority of the qualified electors of Pike County School District No. 1, the county board of education ordered District No. 1 dissolved and its territory annexed to the Kirby District in the same county. The school board members of District No. 1, acting

in an official capacity, appealed to the circuit court; and that court affirmed the county board. Appellant is Pike County School District No. 1. There are two classes of appellees; there is the Pike County Board of Education, designated as appellee; and Harmon O. Davis and five other citizens of District No. 1, designated appellees-intervenors. Three points of error are asserted, each of which shall be described and discussed separately.

School District No. 1 alleges as prejudicial error the granting of leave by the circuit court to Harmon O. Davis et al., to intervene. Davis and five others described themselves as electors and taxpayers of District No. 1; they stated that all of them favored annexation, whereas the board members of District No. 1 (intervenors' district) opposed it; and that intervenors wished to produce evidence to sustain the order of consolidation entered by appellee, the county board of education, whereas appellant District No. 1 would introduce evidence directed to nullify the county board's holding. Harmon O. Davis was a leader in procuring signatures to petitions favoring annexation. In fact, Davis filed the formal petition for consolidation and annexation; and he personally appeared at the public hearing held by the county board and presented two additional petitions.

We have ample precedent wherein this court has approved the allowance of interventions in situations analogous to the one before us. For example see *Ozark School District No. 56 v. Jackson,* 201 Ark. 381, 145 S. W. 2d 732 (1940); and *Mammoth Spring School Dist. No. 2 v. Fairview School Dist. No. 7,* 190 Ark. 769, 80 S. W. 2d 615 (1935).

The second point for reversal concerns the definition of the phrase, "qualified electors," as used in Ark. Stat. Ann. § 80-418 (Repl. 1960); there it is provided that a majority of the qualified electors must sign the petition for dissolution and annexation. Here the petition was presented to the county board for final action on September 19, 1968. Within the preceding twenty

days, five persons registered to vote in the county district. The trial court held those persons not to be qualified electors as of September 19. (Amendment 51, Section 9, sets up the so-called twenty-day cutoff period for registration, during which period registration is not effective except as to elections following the twenty-day expiration.) Those five persons were removed from the total number of electors to be used in ascertaining whether the petition was signed by a majority.

The five persons in question could not have voted in an election held on September 19, 1968. Ark. Stat. Ann. § 80-418 permits dissolution either upon petition signed by a majority of the qualified electors of the district to be dissolved, or by a majority vote favoring dissolution. When either one of those procedures is used the qualifications of the petitioners and the qualifications of the voters are intended to be the same. We therefore reject appellant's theory that any person eligible to register, and who does register, on or before the submission of the petition for dissolution, should be counted as a qualified elector. In fact, the filing of a petition for annexation has been likened to the holding of an election. In *Dansby School Dist. No. 34* v. *Haynes School Dist. No. H,* 210 Ark. 500, 197 S. W. 2d 30 (1946), we said that by the signing of a petition changing boundaries of a school district the signers were in effect casting their ballots.

This brings us to appellant's final contention. When this litigation was being tried, School District No. 1 questioned the right of the court to order annexation in toto; the challenge was based on the existence of a compact between District No. 1 and Glenwood School District whereby certain pupils from District No. 1 would attend Glenwood schools during the 1968-1969 school year. District No. 1 contends the trial court should have recognized the compact as binding and excepted from any annexation transfer those pupils then or afterward attending Glenwood under the compact. Neither Glen-

wood District nor Kirby District is a party to this proceeding; no effort was made to join them; nor was any proof tendered on the status of the compact. Nothing in the record reveals the attitude of the Kirby board toward the contract. Under those circumstances the trial court was correct in holding "this issue is not ripe for adjudication."

Affirmed.