The Honorable David Beatty State Representative Drawer 640 Lewisville, AR 71845
Dear Representative Beatty:
This is in response to your request for an opinion with regard to a petition that has been filed with the Miller County Board of Education ("Board") requesting the Board's annexation of a portion of the Garland School District to the Texarkana School District. You state that the petition was signed by eight persons alleging to be "a majority of the qualified electors of the lands to be transferred or annexed." The land requested to be annexed is, according to your correspondence, approximately thirty percent of the land area of the Garland District.
I assume, based upon this set of facts, that the petitioners seek annexation by order of the Board. Your specific questions in this regard are as follows:
 1. Is the consent of a majority of the qualified electors of the entire Garland School District required for annexation to the Texarkana School District of the area which is the subject of the petition?
 2. If the answer is yes, does the Miller County Board of Education have authority to take any favorable action on that petition?
 3. May the petitioners for annexation submit additional signatures or additional petitions to the Miller County Board of Education after filing the original petition?
It is my opinion that the answer to your first question is "yes", in the sense that the petition must be submitted by a majority of the qualified electors of the entire Garland School District, and not just a majority of the electors in the area sought to be annexed to the Texarkana District. A.C.A. 6-13-201 (Supp. 1989); SEE ALSO JONES v. WILLIAMS, 220 Ark. 555, 248 S.W.2d 882 (1952).
The answer to your second question is "no". The Board is charged with the duty under A.C.A. 6-13-204 to determine whether the petition is signed by the requisite number of electors. Subsection (a)(2) of 6-13-204 states:
 If the county board finds that the petition is signed by the requisite number of electors, they board may grant the prayer of the petition if it deems it best for the interests of the inhabitants of the territory affected.
Thus, as expressed by the Arkansas Supreme Court:
 Favorable action depends upon an affirmative finding, and only in that event may the board grant the prayer of the petition `if it deems it best for the interests of the inhabitants of the territory affected.'
ALTUS-DENNING SCHOOL DIST. NO. 31 v. OZARK SCHOOL DIST. NO. 14,219 Ark. 404, 406, 242 S.W.2d 709 (1951).
Your third question was posed in the case of HORN v. SCHOOL DIST. NO. 23 OF SEARCY COUNTY, 213 Ark. 490, 211 S.W.2d 107 (1948), with regard to a petition for consolidation. In that case, several persons who were not named in the original petition filed petitions for the consolidation after the original filing. The court addressed the language which know [now] appears at A.C.A. 6-13-204 concerning the removal of an elector's name from the petition at any time before the petition is acted on by the Board. SEE A.C.A. 6-13-204(b). The court first noted its previous ruling that stricken names may be restored by written demand of the elector. HORN, 213 Ark. at 492. It then stated:
 But the Legislature did not authorize the addition of new signatures to the petition after it was filed nor did it authorize the filing of additional petitions, after the original petition was filed and the required notice thereof given. Since the lawmakers authorized the withdrawal of names from such petition, they must have realized that the exercise of this right might, in some cases, reduce the number of signers on a petition to less than the required majority. The fact that, with knowledge of this possibility, the Legislature did not see it fit to extend to the promoters of the consolidation the right, after filing of the petition, to obtain other signatures or file additional petitions is highly significant, and we think it must be taken as indicative of a legislative intent to withhold such a right.
HORN, 213 Ark. at 492 (citations omitted).
It is my opinion that this rationale would similarly apply in the context of a petition for annexation, thus indicating that the answer to your third question is "no."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.