The Honorable Sharon Priest Secretary of State State Capitol Little Rock, AR 72201-1094
Dear Ms. Priest:
This is in response to your request for an opinion regardingAct 947 of 1995, which amends Amendment 51 to the Arkansas Constitution with respect to voter registration. As you note, Amendment 51 currently provides for the so-called twenty-day "cutoff period" during which voter registration is not effective except as to subsequent elections. Seegenerally Pike Co. School Dist. 1 v. Pike Co. Ed. Bd., 247 Ark. 14, 16,444 S.W.2d 75 (1969). Section 9(b) of Amendment 51 states:
 Registration shall be in progress at all times except during the twenty (20) day period immediately prior to any election scheduled within the county, during which period registration of voters shall cease for that election, but registration during such period shall be effective for subsequent elections.
Ark. Const. amend. 51, § 9(b) (Cum. Supp. 1993).
Under Act 947 of 1995, the twenty-day period is changed to "the thirty (30) day period immediately prior to any election." Acts 1995, No. 947, § 5. Thus, the cutoff period is now thirty days rather than twenty. Otherwise, the language of § 9(b) remains unchanged. Act 947 is effective January 1, 1996.
You have requested an opinion, specifically, as to the voter registration deadline for the January 9, 1996, election. The question, therefore, is whether the new thirty-day period applies to this election.
It is my opinion that the answer to this question is "no." Application of the new thirty-day cutoff to the January 9 election would in effect disqualify those who register to vote between December 10 and December 20. The current cutoff period in relation to the January 9, 1996, election is December 20 to January 9, the "twenty (20) day period immediately prior to [the] election." Amend. 51, § 9(b), supra. Thus, until Act 947 becomes effective, persons may register up to December 20, 1995, and thereby qualify to vote in the January 9 election. If the thirty-day cutoff under Act 947, which becomes effective January 1, 1996, is deemed to apply to this election, those who registered between December 10 and December 20 will, in essence, be disqualified retroactively. And retroactive application of the cutoff period is, in my opinion, unlikely.
It is well-established that legislative enactments will ordinarily be deemed to apply prospectively only, unless the interest for retroactive application is clearly expressed or necessarily implied. Arkansas RuralMed. Prac. Student Loan Scholarship Bd. v. Luter, 292 Ark. 259,729 S.W.2d 402 (1987); Abrego v. United Peoples Fed. Sav. Loan,281 Ark. 308, 664 S.W.2d 858 (1984). An exception to the general rule of prospective application applies in the case of procedural or remedial legislation which does not disturb vested rights or create new obligations. Harrison v. Matthews, 235 Ark. 915, 362 S.W.2d 704 (1962).
It seems clear in this instance that Act 947 is substantive rather than procedural in nature, as it affects vested rights with respect to voter registration. The presumption against retroactivity will, therefore, in my opinion, apply. As noted in 1A Sutherland Statutory Construction § 22.36:
 In determining the effect of an amendatory act on transactions and events completed prior to its enactment, it is necessary to distinguish between provisions added to the original act by the amendment, provisions of the original act repealed by the amendment, and provisions of the original act reenacted thereby. In accordance with the rule applicable to original acts, it is presumed that provisions added by the amendment affecting substantive rights are intended to operate prospectively. Provisions added by the amendment that affect substantive rights will not be construed to apply to transactions and events completed prior to its enactment unless the legislature has expressed its intent to that effect or such intent is clearly implied by the language of the amendment or by the circumstances surrounding its enactment.
There is no indication from the language of Act 947 that the thirty-day cutoff period is intended to apply retroactively. Thus, the presumption that provisions such as this affecting substantive matters apply prospectively only will, in my opinion, prevail. Accordingly, voter registration for the January 9, 1996, election will cease during the twenty-day period immediately prior to the election, pursuant to Amendment 51, § 9(b) (Cum. Supp. 1993).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh