COUNTY BOARD OF EDUCATION OF BAXTER COUNTY
*v.* NORFORK SCHOOL DISTRICT No. 61.

4-9132                                          228 S. W. 2d 468

Opinion delivered March 27, 1950.

Rehearing denied April 24, 1950.

*Oscar E. Ellis, Ernie E. Wright* and *Nell Powell Wright,* for appellant.

*Eugene W. Moore* and *ll. J. Denton,* for appellee.

LEFLAR, J.   The Circuit Court, on appeal from the Baxter County Board of Education, reversed an order of the County Board and adjudged that certain rural school districts should be annexed to Norfork School District No. 61. The County Board now appeals to this Court.

Initiated Act No. 1 of 1948 (Ark. Stats., 1949 Supp., § 80-426 *et seq.*; Acts of 1949, p. 1414) consolidated into one county-wide "United District" all "small" school districts in each county of the state.   A "small" district was defined as one having fewer than 350 children of school age on March 1, 1949.   By fixing this date, the Initiated Act of 1948 gave "small districts" the opportunity to consolidate with other pre-existent districts, under consolidation laws previously in force, and thus get out of the "small district" classification before March 1, 1949.

Flat Rock School District No. 27, Buffalo District No. 12, Lone Pine District No. 17, and Shady Grove District No. 31 were all small rural school districts in Baxter County.   On February 10, 1949, certain citizens of Flat Rock District filed with the County Board a petition for annexation to Norfork District No. 61, and on February 14, 1949, similar petitions to the same effect were filed by citizens of Buffalo, Lone Pine and Shady Grove districts.   The applicable consolidation law, Ark. Stats., 1947, § 80-408, required notice of these petitions

935

to be published once a week for two weeks in a county newspaper, the notice to state the date on which the County Board would hold its hearings on the petitions. Publication of these notices was commenced on February 16 or 17 on each petition, the notices setting March 4, 1949, as the date for hearings before the Board on all four petitions.

These hearings were never held. On February 22, 1949, the Attorney General by letter advised the County Supervisor of Schools that the petitions could not be acted upon in time to get ahead of the March 1 deadline for "small district" voluntary consolidations. The theory upon which this advice was given was that the County Board could not hold its hearings until two weeks had passed after the first weekly publication of notice of hearing, which would necessarily put the hearing after the March 1 deadline. It was the opinion of the Attorney General that the "United District" of the county would automatically include all areas for which consolidation with "large districts" had not actually been completed by March 1, regardless of the fact that proper petitions for consolidation had previously been filed. Whether this advice was correct we do not now decide.

The County Board, relying upon the Attorney General's advice, failed altogether to act upon the four petitions. At a meeting held on June 6, 1949, acting under authority conferred upon it by Initiated Act No. 1, the Board determined what parts of the newly formed "United District" should be dismembered therefrom and joined to pre-existing "large districts". This the Board had full power to do. *Stroud* v. *Fryar, ante,* p. 250, 225 S. W. 2d 23. The Board's determination was that the territory formerly comprising all four of the "small districts" in question should be annexed to the Mountain Home District.

Interested parties on June 29, 1949, undertook the appeal to Circuit Court from the County Board order of June 6, 1949. The appeal was filed by citizens who had signed each of the four petitions for annexation to Norfork District, and also by Norfork District itself.

The County Board defended. After a succession of hearings and trials, the Circuit Court held that the County Board's order should be set aside and that the territory of all four small districts should be annexed to the Norfork District in accordance with the original petitions.

We have concluded that the appeal to the Circuit Court was erroneously allowed.

The appeal heard by the Circuit Court was essentially an appeal from the County Board's failure to act on the four petitions in the first place. The evidence presented to the court related to the adequacy of these petitions. The argument urged was to the effect that the County Board should have held hearings upon and approved the petitions. The ground given for the Circuit Court's judgment was that the petitions were valid and the Board should have acted upon them. The Board's failure to act upon petitions found to have been properly filed was the main matter considered, and the main matter upon which the appeal sought consideration.

The statutes provided a specific remedy for this case. Act 361 of 1947 (Ark. Stats., 1947, § 80-421) reads:

"On all petitions filed for a consolidation now pending, or filed hereafter, with the County Board of Education in any County, the hearing on said petition must be held within sixty [60] days after the date of filing. If hearing is denied within this specified time and said Board has refused to act on said petition within the specified time, petitioners shall have the right to appeal the petition for hearing to the Circuit Court of the County in which said original petition was filed."

The sixty-day period allowed by § 80-421 for County Board action ended on April 11 for the petition filed February 10 and on April 15 for the petitions filed February 14.

Act 183 of 1925[1] allows thirty days in which a party aggrieved may take an appeal from orders or actions

---

[1] Act 183 of 1925 is set out, with explanation, in a note appended to Ark. Stats., 1947, § 80-213.

of a County Board of Education. We have held that Act 183 is in full force and effect. *Gibson* v. *Davis*, 199 Ark. 456, 134 S. W. 2d 15; *McLeod* v. *Richardson*, 204 Ark. 558, 163 S. W. 2d 166. It is applicable to the present appeal. Under it the latest dates on which appeals could be taken from the Board's refusal to act on the petitions within the sixty days allowed by § 80-421 were May 11 and May 15, thirty days after April 11 and April 15, respectively. No appeal from the Board's action was filed until June 29. That was too late.

The petitioners, seeking to avoid the inevitable bar of the statute against appeals too long delayed, now urge that the June 6 order of the County Board of Education, annexing their territory to the Mountain Home District, should be regarded as action taken upon their several petitions. The argument is that any decision made at any subsequent time by the Board concerning this territory constituted by necessary implication action taken upon their petitions even though the Board was at the time not purporting to pass upon them, that annexation to any other district was such a denial of the February 10 and February 14 petitions as to resurrect the lost right of appeal. In this analysis we cannot concur. The Board on June 6, 1949, was not passing upon the consolidation petitions filed many months before. The Board then was acting under the wholly new and different authority, conferred upon it by section 3 of Initiated Act No. 1 of 1948, to annex portions of the newly created "United District" to pre-existing "large districts" which could serve such areas more efficiently and effectively. And from its action under section 3 of the Initiated Act this appeal is unavailing. *Stroud* v. *Fryar, ante,* p. 250, 225 S. W. 2d 23.

The judgment of the Circuit Court is reversed and the cause is dismissed.