LITTLETON *v.* UNION COUNTY BOARD OF EDUCATION.

4-9199                                        229 S. W. 2d 657

Opinion delivered May 8, 1950.

Rehearing denied June 5, 1950.

*Claude E. Love,* for appellant.

*Surrey E. Gilliam,* for appellee.

DUNAWAY, J. This is an appeal from a judgment of the circuit court affirming the action of the Union County Board of Education in annexing territory which formerly composed the Thompson School District No. 1 of Union County, to the Urbana-Lawson School District No. 3 of Union County, under the provisions of Initiated Act No. 1 of 1948, Acts of 1949, p. 1414 (Ark. Stats., 1947, § 80-426, *et seq.*).

The facts are undisputed. There were only 57 school children in the Thompson District on March 1, 1949, which was less than the minimum of 350 enumerates required under the provisions of Initiated Act No. 1 for a school district to maintain its independent existence after June 1, 1949. Prior to June 1, 1949, the directors of the Thompson District filed a letter with the County Board of Education requesting that this district be annexed to the Strong School District. On June 1, one of the directors of the Thompson District was informed that it was not known when the question of annexation would be considered by the County Board. On the same day, without any notice to the directors or patrons of the Thompson District, the County Board ordered the annexation of said district to the Urbana-Lawson District. Within the time provided by law an appeal from this order was taken to the circuit court, which affirmed the County Board's action.

The relevant portions of Initiated Act No. 1 are quoted:

"On June 1, 1949, there is hereby created in each county a new school district which shall be composed of the territory of all school districts administered in the county which had less than 350 'enumerates' on March 1, 1949, as reflected by the 1948 school enumeration." Ark. Stats. (1947), § 80-426.

"It shall be the duty of the newly elected school board and the County Board of Education not only to provide an accredited elementary school for every child as close to his home as possible but also to provide every child access to an accredited high school. To accomplish

this purpose, each County Board of Education shall study the entire school program of its county. If it is found that some or all portions of the new School District as created herein can be served more effectively and more efficiently by another district or districts, the County Board of Education with the consent of the Board of Directors of the school district to which annexation is proposed, is hereby authorized and directed to make such annexation or annexations . . ." Ark. Stats. (1947) § 80-428.

The procedure for electing directors of the new district is set out in Ark. Stats. (1947) § 80-427.

Appellants' argument for reversal is this: At the time of the annexation order complained of, there was no "United" or "County School District" made up of the "small" districts dissolved by Initiated Act No. 1, since no election of directors for such new district had been held. Further, notice of the annexation proposed was a jurisdictional requisite for a valid order, by reason of this language in § 4 of Initiated Act No. 1: *"Except as otherwise provided in this Act,* all matters of reorganization and annexation of school districts undertaken under the provisions of this Act shall be made in accordance with existing laws." Finally, since the Urbana-Lawson District does not have an "accredited" school, the County Board had no authority to order the annexation.

As to the existence of the new county school district on June 1, 1949, this question was decided adversely to appellants' contention in the recent case of *Stroud* v. *Fryar,* 216 Ark. 250, 225 S. W. 2d 23. There we said: "In other words, the Small Districts were given a period of grace in which to endeavor to join with other districts under existing laws. But when the United District came into existence on June 1, 1949, the Small Districts were thereby automatically integrated into it and lost their previous status as separate school districts."

The *Stroud* decision is also determinative of appellants' second point. After quoting the language set out above from § 80-428 of Ark. Stats. (1947), it is said:

"This quoted language gives the County Board of Education power to take any or all territory of the United District and annex such territory to any Large District or Districts, conditioned only on the consent of such larger Districts so affected. . . ." In regard to the language of § 4 above-quoted, we further said in the *Stroud* case: "The italicized language thus clearly exempted from the provisions of the existing laws such reorganizations and annexations as might be accomplished under § 3 of the Initiated Act before the school directors could have been chosen in the United District. . . ." In the case at bar, directors had not been elected for the United District, and the consent of the Urbana-Lawson District had been obtained, which was the only condition imposed upon the County Board before ordering the annexation.

Appellants' argument that the annexation order is to be invalidated because the Urbana-Lawson District does not have an accredited school is equally untenable. The record shows that the school of Strong District, to which appellants are seeking to have the territory of the old Thompson District annexed, is likewise not accredited. As we said in *Woodlawn School District No. 6* v. *Brown,* 216 Ark. 14, 223 S. W. 2d 818: "The Court found in effect that the directors were doing the best they could with what they had, under the circumstances, and we think their discretion which is being honestly exercised should not be interfered with. . . ." An accredited school available to every child in Arkansas is a goal sought to be achieved by Initiated Act No. 1. It is not a condition precedent to annexation. The record shows the challenged annexation order to have been made in exercise of the honest judgment of the County Board of Education on the basis of the facilities available.

The judgment is affirmed.