Chief Justice GRIFFIN SMITH disqualified and not participating.

ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* WALLACE.

4-9190                                    229 S. W. 2d 659

Opinion delivered May 8, 1950.

*Shaver, Stewart & Jones,* for appellant.

*R. T. Boulware* and *J. W. Patton, Jr.,* for appellee.

HOLT, J.   Appellees, owners of 11 acres of land with a dwelling thereon adjoining appellant's right-of-way, brought this suit to recover damages in the amount of $1,000 for the closing, or obstructing, of a road crossing over appellant's railroad and right-of-way leading to appellees' property in the town of Buckner, Arkansas. Appellant denied any liability. On a jury trial, and at the close of all the testimony, the court, on its own motion, and over appellant's objections and exceptions, instructed the jury, as a matter of law, that from the evidence adduced, appellees had, in effect, by long continued adverse use of the crossing in question, acquired a prescriptive right in said crossing.

The Instruction (No. 1) contained this recital: "Gentlemen of the Jury, this suit is brought by the plaintiffs against the defendant, railroad company, for what the plaintiffs allege was the wrongful act of the railroad company in making unfit for use a certain crossing that had been used by the plaintiff and his tenants and others desiring to use it for a long period of years. There isn't any evidence that it was a public crossing as the term is commonly used or that it was a private crossing as the term is used by the railroad company, but all the evidence is to the effect that this place on the railroad right-of-way was usable by the plaintiff and by his tenants and by others desiring to go across the railroad at that point for a long period of years, and that, beginning in 1922 or thereabouts, the railroad company for more than twenty years has maintained that spot as a crossing.  . . .   That presents an issue to the court as to whether or not this suit could be maintained by the plaintiffs. The defendant, railroad company, has defended the suit so far as that feature is concerned on the ground that such use was with its permission, and it, therefore, could withdraw that permission at any time

it saw fit. The plaintiffs contend . . . in view of the fact there was no other means of ingress and egress to such premises, the plaintiffs' sole and only method of going to and from that place is across this place, the court is inclined to the view that the plaintiffs are entitled to recover in this case.''

Following this instruction, the court proceeded to submit the question of the amount of damages, only, for the jury's determination.

The court erred in giving Instruction No. 1, above. It appears undisputed that the town of Buckner had never dedicated any street over this crossing. Appellees' use was not based upon any consideration. They did not claim any statutory right to its use under Ark. Stats. (1947), § 73-621, or §§ 76-110-11.

We do not detail the testimony. It suffices to say that there was evidence on the part of appellant tending to show that the use of this crossing, by appellees and the public, was permissive only, and on the other hand, evidence on the part of appellees of its adverse use for more than seven years or that they had used it as a matter of legal right and not as a matter of permission. This was a jury question.

The rule is well established that ''permissive use cannot ripen into a legal right merely by lapse of time,'' *McGill* v. *Miller,* 172 Ark. 390, 288 S. W. 932.

We said in *Britt* v. *Berry,* 133 Ark. 589, 202 S. W. 830: ''The rule is that where the entry is permissive the statute will not begin to run against the legal owner until an adverse holding is declared, and notice of such change is brought to the knowledge of the owner.''

On the other hand, it is also well established that ''the statute of limitations operates against railroad corporations whose lands are held adversely as well as against individuals; and this applies to the right-of-way.'' (*St. Louis & San Francisco Railroad Company* v. *Ruttan,* 90 Ark. 178, 118 S. W. 705.)

For the error indicated, the judgment is reversed and the cause remanded for a new trial.