COVINGTON *v.* PRAIRIE COUNTY BOARD OF EDUCATION.

4-9321                                   234 S. W. 2d 203

Opinion delivered November 27, 1950.

*A. R. Macom* and *W. A. Leach,* for appellant.

*John D. Thweatt* and *Cooper Thweatt,* for appellee.

MINOR W. MILLWEE, Justice. On March 1, 1949, there were three school districts in Prairie County having more than 350 pupils as reflected by the 1948 school enumeration and eleven districts having less than that number. By Initiated Act No. 1 of 1948 (Ark. Stats., §§ 80-426—80-429) a new school district was created on June 1, 1949, composed of the territory included in the eleven small districts. Acting under provisions of the initiated act, the Prairie County Board of Education on June 1, 1949, determined that all portions of the new district could be served more effectively by annexation of its several parts to the three large districts and orders of annexation in compliance with such determination were entered with the consent of the boards of directors of the large districts.

Appellants are qualified electors residing in territory formerly comprising one of the small districts. Appellees are the Prairie County Board of Education and the three large districts to which annexations of the new district were made. Appellants instituted this action against appellees in the circuit court seeking, by *certiorari,* to have the annexation orders of June 1, 1949, declared void.

The allegations of the petition are summarized in the following statement from appellants' brief: "The appellants contend that the County Board of Education had no power or authority to make any orders of reorganization or annexation affecting the newly created district until after the election of a board of directors for said district as required by § 2 of the Act (Initiated Act No. 1 of 1948), and then not without the consent of the qualified electors residing within said district obtained in the manner provided by law."

Appellees' general demurrer to the petition for writ of *certiorari* was sustained by the trial court. Upon appellants' refusal to plead further, the petition was dismissed.

The proceedings herein were instituted prior to the decision in *Stroud* v. *Fryar,* 216 Ark. 250, 225 S. W. 2d 23. Appellants candidly state: "The facts in the case of *Stroud* v. *Fryar* are identical with the facts in this case and unless that case be overruled it is decisive of the issues presented on this appeal and calls for an affirmance of the instant case." In the Stroud case we adopted an interpretation of Initiated Act No. 1 contrary to present contentions of appellants. This interpretation of the initiated act was reaffirmed and followed in the recent case of *Littleton* v. *Union County Board of Education,* 217 Ark. 278, 229 S. W. 2d 657. See, also, *County Board of Education of Baxter County* v. *Norfork School District No. 61,* 216 Ark. 934, 228 S. W. 2d 469. It would serve no useful purpose to repeat what we said in these cases. We decline to overrule them, and the judgment is accordingly affirmed.