HAMILTON *v.* COUNTY BOARD OF EDUCATION OF
JOHNSON COUNTY.

5-449                                    268 S. W. 2d 873

Opinion delivered June 7, 1954.

*J. G. Moore,* for appellant.

*Ed Gordon* and *Wiley W. Bean,* for appellee.

J. SEABORN HOLT, J.   This appeal is from a judgment of the Johnson Circuit Court affirming the action of the Johnson County Board of Education annexing certain portions of United Rural District No. 19 to Lamar District and another portion to Oark, and from the further action of the court in voiding the Board's order annexing certain territory of United District to the Lamar District, which had been previously offered to Clarksville District No. 17, and refused.

The United School District of Johnson County, called Rural District No. 19, comprised Ozone District and Ft. Douglas District and automatically came into existence as United District No. 19 on June 1, 1949, under Initiated Act 1 of 1948, Acts of 1949, page 1414, (§ 80-426, *et seq.,* Ark. Stats. 1947) since in the Ozone and Ft. Douglas Districts combined, there were less than 350

pupils enumerated. *Littleton* v. *Union County Board of Education,* 217 Ark. 268, 229 S. W. 2d 657.

Pertinent parts of Act 1 are: "Section 1. On June 1, 1949, there is hereby created in each county a new school district which shall be composed of the territory of all school districts administered in the county which had less than 350 enumerated on March 1, 1949, as reflected by the 1948 school enumeration. . . .

"Section 2. Within ten days after the creation of the new district as provided herein, the County Board of Education shall call a special election for the purpose of electing members of a school board to serve the new district. . . .

"Section 3. It shall be the duty of the newly elected school board and the County Board of Education not only to provide an accredited elementary school for every child as close to his home as possible, but also to provide every child access to an accredited high school. To accomplish this purpose, each County Board of Education shall study the entire school program of its county. If it is found that some or all portions of the new school District as created herein can be served more effectively and more efficiently by another district or districts, the County Board of Education with the consent of the Board of Directors of the school district to which such annexation is proposed, is hereby authorized and directed to make such annexation or annexations. . . .

"Except as otherwise provided in this Act, all matters of reorganization and annexation of school districts undertaken under the provisions of this Act shall be made in accordance with existing laws."

On May 20, 1953, the Johnson County Board of Education ordered United District No. 19 dissolved and parts of its territory to be annexed to Lamar and Oark Districts, and also after having offered to annex other portions of the territory to the Clarksville District, which offer Clarksville refused, then later ordered this territory annexed to Lamar, Lamar having indicated its willingness to accept such annexation in case Clarksville

should refuse. As indicated, the Circuit Court affirmed the Board's actions, except its order annexing to Lamar the territory which had been refused by Clarksville.

For reversal, appellants say: "(1) The County Board of Education wrongfully disregarded Act 75 of the Acts of 1951, no notice having been given as to the intended actions of the County Board of Education herein complained of.

"(2) The several orders of the County Board of Education are not final judgments or orders, but are mere conditional statements by the Board and therefore void.

"(3) The several orders of the County Board of Education involved in this litigation are void because based upon Initiated Act No. 1 of the Acts of 1949 which said act is unconstitutional and void."

Related cases in which we have considered certain phases of Act 1 of 1948 are: *County Board of Education of Baxter County* v. *Norfork School District No. 61,* 216 Ark. 934, 228 S. W. 2d 468; *Stroud* v. *Fryar,* 216 Ark. 250, 225 S. W. 2d 23; *Littleton* v. *Union County Board of Education, supra;* and *Covington* v. *Prairie County Board of Education,* 218 Ark. 65, 234 S. W. 2d 203.

## (1)

As to appellants' first contention, we hold it to be untenable. Act 75 of 1951 (§ 80-434, Ark. Stats., 1947) clearly had to do with re-zoning of new County School Districts (United) and not annexation, which is alone involved here. When the question of re-zoning is presented, notice required under Act 75 must first be given, but we hold that in matters of annexation, under Act 1 here, notice was not required, as we shall presently point out.

Act 75 provides: "The County Board of Education is hereby authorized at its discretion to re-zone or abolish all zones in the New County School District wherein changes or alteration in territory or population

have been affected since the original zoning procedures. The County Board may establish such number of zones in said school district with the number of local board members to be elected in the respective zones; provided there shall be no more than five zones and no more or no less than five local board members.

"Section 2. The County Board of Education shall publish in two issues of a local paper at least twenty days before the time in which the Board shall consider the matter of re-zoning, stating the purpose of the meeting. At said meeting of the Board an opportunity for recommendations or suggestions by interested patrons shall be given. The action of the board shall also be published."

As indicated, this act has to do with re-zoning only, and where there has been a population shift or changes from one zone to another, then the County Board "is authorized at its discretion," after twenty days public notice and a hearing, to re-zone. The legislative purpose of this act was "to authorize the County Board of Education to revise the re-zoning of new County School Districts."

In annexation proceedings under Act 1 of 1948, we held, in effect, in *Littleton* v. *Union County Board of Education,* above, that the County Board of Education had power to annex a part of United District to the larger district on consent of the larger district only and that no notice was required. "Under Initiated Act providing for creation in each county of a united school district composed of all school districts within county with less than 350 enumerated, the County Board of Education had power to annex a part of united district to a larger district only on consent of such larger district and did not have to give notice or obtain consent of patrons of united district as a prerequisite to such annexation order. Ark. Stats., §§ 80-426 to 80-428." (Headnote 2 of *Littleton* v. *Union County Board of Education,* 229 S. W. 2d 657).

In the body of the opinion, after referring to the following quoted language above in § 4 of Act 1: "Except as otherwise provided in this Act, all matters of reor-

ganization and annexation of school districts undertaken under the provisions of this Act shall be made in accordance with existing laws," we said:

" 'This quoted language gives the County Board of Education power to take any or all territory of the United District and annex such territory to any Large District or Districts, conditioned only on the consent of such larger Districts so affected. . . .' In regard to the language of § 4, above-quoted, we further said in the Stroud case: 'The italicized language thus clearly exempted from the provisions of the existing laws such reorganizations and annexations as might be accomplished under § 3 of the Initiated Act before the school directors could have been chosen in the United District. . . .' In the case at bar, directors had not been elected for the United District, and the consent of the Urbana-Lawson District had been obtained, which was the only condition imposed upon the County Board before ordering the annexation."

(2)

As to the effect of the County Board's orders, we hold that as to the annexation of the territory to Lamar and Oark, these annexation orders were certain and definite, subject only to acceptance by Lamar and Oark, and on acceptance became final. The record reflects that they were accepted by Lamar and Oark Districts, to which they were annexed. The trial court held these annexations valid and correctly so.

As to the territory offered to Clarksville by the Board in its order of May 20, 1953, it appears undisputed that such order was conditioned on Clarksville's acceptance by a certain time limit, and in the event that Clarksville refused to accept said territory, then the Board directed its annexation to Lamar by 10 a.m. of August 1, 1953. Lamar had previously indicated that it would accept such annexation.

We think in these circumstances that this part of the territory of District No. 19 could not, as the trial court

found, be legally annexed under such uncertain and indefinite proceedings. The Board's order lacked finality and was too indefinite to constitute a binding order of annexation.

### (3)

Appellants' final contention is that Act 1 of 1948 is "unconstitutional and void." They appear, by their argument, to base this contention on the following ground, for they say "that Act 75 of 1951 was part of 'existing law' when the County Board acted in the instant case in March, 1953. Thus, the Board was required to give 20 days notice by publication in some newspaper, which it is agreed was not done, as required by Act 75. . . . Action of the County Board without the publication of notice required by the statute is void. Such is the plain ruling in many of the decisions of this court, one of those decisions is in *Lyerley* v. *Manila School District*, 214 Ark. 245, 215 S. W. 2d 733," and that it contravenes the "due process clause in § 8, Article 2 of our Constitution," and that the "due process demands that provision for notice . . . be made."

The cited case is clearly distinguishable on the facts. We held in that case: (Headnote 1) "The County Board of Education may dissolve any school district and annex the territory thereof to any district within the county when petitioned to do so by a majority of the qualified electors of the district to be dissolved or by an election held in the district to be dissolved where a majority of the votes cast are in favor of the dissolution and annexation and upon the consent of the Board of Directors of the district to which the territory is to be annexed. Pope's Digest, § 11488, as amended by Act 235 of 1947."

But here, we are dealing with a new and later statute, Act 1 of 1948, covering a new situation and a field of school law not heretofore in existence, creating "in each county a new school district which shall be composed of the territory of all school districts administered in the county which had less than 350 enumerated on March 1, 1949, as reflected by the 1948 school enumeration."

We agree that Act 75 was a part of existing law on May 20, 1953, when the Board here acted. However, as has been pointed out, it has no application to the present case, nor do we find that this Act No. 1 or any part thereof contravenes the Arkansas Constitution on any ground argued by appellants. Certainly, its constitutionality may not be attacked for lack of notice since, as indicated, none was required. No other ground is pointed out or argued.

Affirmed.